THE HARRISON NATIONAL BANK, *of Cadiz, Ohio, v.* JOSEPH T. ELLICOTT, *Assignee of the Riley County Bank, of Man-hattan, Kansas.*

TRUST FUND — *Defendant Not Trustee for Plaintiff.* The plaintiff transmitted to the Riley County Bank a promissory note for $2,000, for collection. The bank, instead of collecting the same, took a new note for the amount thereof from the maker of the original note, which new note was executed to the bank itself. Immediately thereafter the bank made an assignment to the defendant for the benefit of its creditors, and delivered to the defendant all its assets. *Held,* That the defendant cannot be considered as a trustee of the plaintiff, to the extent of holding the sum of $2,000 in money as a trust fund equitably belonging to the plaintiff.

*Error from Riley District Court.*

THE opinion states the nature of the action, and the facts. At the December Term, 1882, the court sustained the defendant's — *Ellicott's* — demurrer to the petition, which ruling the plaintiff bank brings to this court.

*Green & Hessin,* for plaintiff in error.

*Spilman & Brown,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by the Harrison National Bank of Cadiz, Ohio, against Joseph T. Ellicott, assignee of the Riley County Bank of Manhattan, Kansas, for the purpose of having a trust declared to the extent of $2,000, and to require the alleged trustee to pay that amount to the plaintiff. The plaintiff alleged in its petition, among other things, the following: On June 25, 1881, Mary C. Inskeep executed a promissory note to the Riley County Bank for the sum of $2,000, payable in six months after date, with interest after maturity at the rate of 12 per cent. per annum. This note was immediately sold and transferred, by the indorsement of the cashier of the Riley County Bank, to the plaintiff. About December 1, 1881, the plaintiff transmitted this note to the Riley County Bank for collection. About December 14, the cashier of the Riley County Bank wrote to the plaintiff, falsely stating that the note was paid, when in fact it had not been paid, and also sent a draft of that date for the sum of $2,400 on its correspondent in New York city. Two thousand dollars of this draft represented the Inskeep note, and $400 thereof represented another claim which has nothing to do with the case. At the time this draft was drawn, and ever since, the Riley County Bank did not have any funds on deposit with such correspondent. The draft was properly presented for payment, and payment not being made, it was protested and returned to the Riley County Bank, the cashier of the Riley County Bank having sent a telegram to the plaintiff, stating that the draft had been drawn on the wrong bank. About December 25, 1881, when the note became due, the Riley County Bank returned it to Mary C. Inskeep, and took from her a new note therefor, executed to the Riley County Bank for $2,000, due in six months, which new note the Riley County Bank "converted to its own use." About December 26, 1881, the Riley County Bank made an assignment for the benefit of its creditors, and Joseph T. Ellicott,

the assignee, now has the possession of the assets of such bank.

Upon these facts, the plaintiff prayed judgment that Joseph T. Ellicott be declared a trustee for the sum of $2,000 ; that such sum be declared a trust fund; and that Ellicott be ordered to pay the same to the plaintiff before he is permitted to pay other claims against the Riley County Bank.

The defendant demurred to this petition, upon the ground that it does not state facts sufficient to constitute a cause of action, and the court below sustained the demurrer. The plaintiff duly excepted, and now brings the case to this court and asks that the decision of the court below sustaining such demurrer be reversed.

The first and main question arising in this case is this: Has the defendant, Joseph T. Ellicott, the assignee of the Riley County Bank, the fund in his hands, impressed with the character of a trust fund, which belongs in equity to the plaintiff in this case? And involved in this question are some minor and subordinate questions, which we shall consider along with the main question in the case.

Now a trust is not merely a right to recover a judgment because of the commission of some wrong in violation of some duty arising upon contract, or statute, or natural or moral obligation; but it is an equitable right, title or interest *in property*, real or personal—the legal title to the property being in some other person. (2 Story's Eq. Jurisp., § 964.)

In the present case, the plaintiff claims that the defendant has a fund in his hands of $2,000, impressed with the character of a trust, and to which fund the plaintiff has an equitable right, paramount and superior to the rights of all the other creditors of the Riley County Bank. And the plaintiff claims that it has such a right to this fund that it may take the same from the defendant, the assignee of the Riley County Bank, and leave the other creditors to suffer. Now if the defendant has any such trust fund in his hands, when and where did he obtain the same? There is no allegation in the peti-

tion that either the Riley County Bank or the defendant, its assignee, ever received a dollar in money, or any other sum, in which the plaintiff had any equitable interest. The Riley County Bank received a note which belonged to the plaintiff; but this note was never placed in the hands of the defendant, but on the contrary it was returned to the maker thereof, Mrs. Inskeep; and besides, the plaintiff is not asking for the return of such note, but is asking for the return of a trust fund of $2,000. It is also true that the Riley County Bank received a new note from Mrs. Inskeep, for the sum of $2,000; but there is no allegation, unless we resort to presumption or inferences, that this note was ever placed in the hands of the defendant. Besides, the plaintiff is not asking to recover the possession of this new note, but is asking to recover said fund as aforesaid. It is alleged in the plaintiff's petition that the Riley County Bank converted this new note to its own use; but how it converted the same to its own use is not stated or shown in any manner, except that the new note was executed to the Riley County Bank, instead of to the plaintiff. There is no allegation that the Riley County Bank, or the present defendant, ever received one dollar, or any other sum, on this new note. From the allegations of the petition, we think it may fairly be presumed that the defendant has this new note in his possession; but we think it must also be presumed that he has never collected or received any money or other valuable thing thereon. And whether this new note is of any value, or not, the allegations of the petition do not show. But suppose it is worth its face; and suppose it is now in the hands of the defendant, uncollected; and suppose that the plaintiff has an equitable right thereto: that would not enable the plaintiff in this case to recover its value from the defendant and leave the other creditors to suffer. Other creditors besides the plaintiff have rights to the general funds and assets of the bank, and their rights as well as the plaintiff's must be guarded and protected. The most that can be done in such a case by the plaintiff is to recover the note itself

from the defendant, and then sue the maker thereof. Or perhaps one suit against both the defendant and the maker would be better.

After a careful consideration of the case, we think the judgment of the court below is correct.

We would refer to the following authorities as having some application to this case: *The People v. Merchants' and Mechanics' Bank*, 78 N. Y. 269; same case, 34 Am. Rep. 532; Morse on Banks and Banking, 384, *et seq.*

The judgment of the court below will be affirmed.

All the Justices concurring.