No. 12,628.

FLETCHER ET AL. *v.* SHARPE ET AL.

BANK.—*Insolvency.*—*Trust Fund Deposit.*—*Preference.*—*Debtor and Creditor.*— An administrator, or other person, who makes a general deposit of trust funds in a bank, thereby creating the relation of debtor and creditor between himself and the bank, both acting in good faith, is not entitled

to any preference over other general depositors in the event the bank becomes insolvent.

From the Marion Superior Court.

*J. P. Baker* and *F. Winter*, for appellants.

*B. Harrison*, *W. H. H. Miller* and *J. B. Elam*, for appellees.

MITCHELL, J.—Prior to the 15th day of July, 1884, Fletcher and Sharpe were engaged as partners in conducting a general banking business, in the city of Indianapolis. Having conducted the bank to insolvency, they procured the Marion Superior Court to take the administration of its affairs, by mutually consenting that one of the judges of that court should appoint a receiver and take possession of its assets. Through its receiver the court continues in the administration of the insolvent concern.

On the 29th day of September, 1884, while the affairs of the bank were thus in the custody of the court, Mahlon H. Floyd and Jay G. Voss, administrators of the estate of Gustavus H. Voss, in an intervening petition to the court, alleged that soon after their appointment, they had, as such administrators, deposited in Fletcher & Sharpe's bank about $40,-000 of the funds of the estate, for safe-keeping. They alleged that at the time of receiving such fund, Fletcher & Sharpe had full notice that it belonged to the estate, and that the same was placed in their custody by the petitioners in their trust capacity, and they aver that the fund was so received by Fletcher & Sharpe.

The petition alleges the subsequent insolvency of the bank, and the appointment of William Wallace as receiver, and that as such receiver he has the possession of its assets. It is shown that about $22,000 of the money so deposited remained in the bank at the time of its suspension. The petitioners aver that the receiver has in his possession a large amount of assets, consisting of bills receivable, and choses in action, in which Fletcher & Sharpe had wrongfully in-

vested the moneys so deposited by the petitioners. They ask that the court shall order the receiver to pay over to them the full sum of money so deposited, and yet remaining unpaid by the bank at the date of its suspension.

An issue was made by a denial on behalf of the receiver, and upon a hearing the prayer of the petition was denied, and judgment rendered that the petitioners take nothing.

The question arises upon the evidence. There was no disagreement as to the material facts in the case. The funds were deposited in the bank from time to time to the credit of the petitioners. It may be assumed that the account was opened and continued on the books of the bank, in the name of the petitioners, as administrators of the estate of Voss, although this does not very distinctly appear. It does appear, however, that Fletcher & Sharpe were notified when the first deposit was made, that the funds then deposited, and such as should thereafter be deposited by the petitioners, were and would be the funds of the estate, and a trust fund, and that no checks would be drawn upon it, except for the purposes of the estate, and that all checks would be signed by the petitioners as administrators. An ordinary bank account of debit and credit was kept, the petitioners having the customary pass-book evidencing the amount of their deposits from time to time. When the bank suspended the amount due the petitioners on their account was $22,042.52. There went into the hands of the receiver when he took possession a sufficient sum of money to have paid the amount due the petitioners. The total amount of assets was about $500,000. The liabilities aggregated $1,500,000.

Upon this state of facts it is now argued that the petitioners were entitled to an order giving them a preference over other general depositors.

Whether the loss to the fund, occasioned by the suspension and insolvency of the bank, will ultimately fall upon the petitioners, is a question in no way directly involved in the decision of this case.

The principles which determine the liability of trustees who become depositors of trust funds were considered to some extent in the case of *Naltner* v. *Dolan, post,* p. 500, and cases cited.

Nor does the case involve any question as to the right of the bank to appropriate the fund for an indebtedness due from the depositors, as in *Bundy* v. *Town of Monticello,* 84 Ind. 119.

There are many cases in which the question has arisen as to the equitable rights of *cestuis que trust* to pursue a trust fund, which has been misapplied or diverted by the trustee, or which the creditors of the latter are seeking to subject or appropriate to the payment of debts due them. The general doctrine is well established, that equity will follow a fund through any number of transmutations, and preserve and protect it for the real beneficiary, so long as such fund can be identified and followed. *National Bank* v. *Insurance Co.,* 104 U. S. 54; *Pennell* v. *Deffell,* 4 DeGex M. & G. 372; *Frith* v. *Cartland,* 2 Hem. & M. 417; *Knatchbull* v. *Hallett,* Law Rep. 13 Ch. D. 696; *Taylor* v. *Plumer,* 3 M. & S. 562; *Farmers' and Mechanics' Nat'l Bank* v. *King,* 57 Pa. St. 202; *Van Alen* v. *American Nat'l Bank,* 52 N. Y. 1; *Naltner* v. *Dolan, supra.*

The class of cases above cited are relied upon by the appellants for a reversal of the ruling below. The distinction between the cases relied on and the case being considered is obvious.

Those were cases in which the aid of a court of equity was invoked by the rightful owners, to preserve a trust fund from misappropriation by a trustee or his creditors. This is a case in which trustees, with others, have become general depositors in a bank which has become insolvent, and whose assets are now in the hands of a receiver for distribution among all its creditors according to law. The question is, do persons who become general depositors of trust funds in such manner as to create the relation of debtor and creditor

Fletcher *et al.* *v.* Sharpe *et al.*

between themselves and the bank in which the funds are deposited, stand upon a different level from other general depositors?

There is no question but that the fund was properly deposited. The propriety of the conduct of the trustees in making the deposit, or of the bank in receiving it, is not in dispute, nor does the evidence suggest any wrongful misappropriation or diversion of the fund either by the bank or the trustees.

When deposits are received, unless they are special deposits, they belong to the bank as a part of its general funds, and the relation of debtor and creditor arises between the bank and the depositor. This is equally so whether the deposit is of trust moneys, or funds which are impressed with no trust, provided the act of depositing is no misappropriation of the fund. If in receiving a trust fund a bank acted with knowledge that it was taking the fund in violation of the duty of the trustee, the rights of the *cestui que trust* might be different. In respect to such a case, we decide nothing here.

In this case, where no impropriety is imputed to the bank in receiving the money, it became the debtor of the petitioners, and its debt to them was of the same character as its debt to any other depositor, and must be paid in the same proportion. The rights of other creditors stand on a level with those of the petitioners, and are to be guarded and protected by the court with the same vigilance. *McLain* v. *Wallace*, 103 Ind. 562; *National Bank* v. *Ellicott*, 31 Kan. 173; *Ætna Nat'l Bank* v. *Fourth Nat'l Bank*, 46 N. Y. 82 (7 Am. R. 314); *Attorney General* v. *Continental L. Ins. Co.*, 71 N. Y. 325 (27 Am. R. 55); *Bank of the Republic* v. *Millard*, 10 Wall. 152.

There was no error. The judgment is affirmed, with costs. Filed Nov. 20, 1886.