THOR R. BJORNGAARD *et al. vs.* GOODHUE COUNTY BANK *et al.*

Submitted on briefs April 22, 1892. Decided May 5, 1892.

**Corporation—Stockholders' Meeting—Voting at.**—Stockholders in a corporation are not disqualified to vote upon a matter coming before a stockholders' meeting by the fact that they may have a personal interest in the matter, as upon a proposition to ratify a purchase of property from themselves which they as directors had assumed to make.

Appeal by plaintiffs, Thor R. Bjorngaard, Andrew G. Henderson, Frank J. Linne, Andrew Ellingson, and Frederick W. Hoyt, from a judgment of the District Court of Goodhue county, *Crosby,* J., entered February 20, 1892.

The defendant the Goodhue County Bank was on July 7, 1890, a corporation organized under the laws of this State, and doing a banking business at Red Wing, in that county. The defendants Theodore B. Sheldon, Edward W. Brooks, Hartson E. Perkins, William Featherstone, Anton H. Boxrud, Frederick Busch, and William Busch then owned a corner lot in Red Wing, forty-two (42) feet front by sixty (60) feet deep, on which was a brick building, two stories high, and in a part of it the bank carried on its business, under a lease from the owners. These defendants on that day entered into a contract with the banking corporation to sell to it this real estate for $11,500, and on July 12, 1890, they made a deed of it to the bank, and put the deed on record. These defendants then owned a large majority of the stock of the bank, and they and the plaintiff Hoyt were its board of directors. Sheldon was president of the board, and on that day called a meeting of all the stockholders, for July 21, 1890, to ratify and confirm the purchase. The plaintiffs were also stockholders, and together owned less than one fifth of the stock. They commenced this action to set aside the purchase of the property, and enjoin the defendants from approving or ratifying the purchase. The issues joined were tried, and the court ordered judgment for defendants, and it was entered, and from it plaintiffs appeal.

*J. C. McClure* and *F. W. Hoyt*, for appellants.

A formal application to the corporation to bring the suit need not be made if it appears that such application would be unavailing. When the directors themselves are the parties charged with the wrong, they are, by the very nature of the case, incapacitated for the service of representing the corporation in any action for the restitution of its rights.   *Ashton* v. *Dashaway*, 84 Cal. 61; *Hawes* v. *Oakland*, 104 U. S. 450; *Rothwell* v. *Robinson*, 39 Minn. 1; *Eschweiler* v. *Stowell*, 78 Wis. 316; *Brewer* v. *Boston Theatre*, 104 Mass. 378.

Under the banking law of this State, the purchase was unauthorized and void.   1878 G. S. ch. 33, § 20.   *Metropolitan Bank* v. *Godfrey*, 23 Ill. 579; *Thomas* v. *West Jersey R. Co.*, 101 U. S. 71; *National Bank of Genesee* v. *Bostwick*, 71 N. Y. 161.

.The acts of the seven directors were *ultra vires*, because they included a violation of the trust relation between the directors and the stockholders they represented, and in all such cases the minority stockholders have a distinctive right to protection.   *Pearson* v. *Concord R. Corp.*, 62 N. H. 537; *Dodge* v. *Woolsey*, 18 How. 331; *Miners' Ditch Co.* v. *Zellerbach*, 37 Cal. 543; *Michoud* v. *Girod*, 4 How. 503; *Coleman* v. *Second Ave. R. Co.*, 38 N. Y. 201.

A ratification by the stockholders can only be made when the corporation possesses the power to make the purchase.   *Bagshaw* v. *Eastern Union R. Co.*, 7 Hare, 130; *Aberdeen R. Co.* v. *Blakie*, 1 Macq. 461; *Atwool* v. *Merryweather*, L. R. 5 Eq. 464, note; *Hazard* v. *Durant*, 11 R. I. 196.

*F. M. Wilson* and *O. M. Hall*, for respondents.

Before plaintiffs can bring this suit, it must appear that they have made an earnest effort to obtain redress at the hands of the directors and stockholders.   *Hawes* v. *Oakland*, 104 U. S. 450; Cook, Stockh. § 646; Mor. Priv. Corp. §§ 389, 391; *Foss* v. *Harbottle*, 2 Hare, 461.

As to the validity of the sale of the property to the bank : The transaction is open to suspicion, and ought to be closely scrutinized. But it is not absolutely void or incapable of being made valid.   It is admitted that a majority of the stockholders approve of the purchase of the property; that a meeting of the stockholders has been called

to ratify it; and that at such meeting it will be ratified by a majority vote. On what principle can this be denied to them? Directors are agents of the corporation; they are *quasi* trustees for it. It is for this reason that they cannot deal with themselves. But no such fiduciary relation exists among the stockholders. One is not the agent or trustee for the others; each acts in his individual capacity for himself, and votes, and has a right to vote, for what he conceives to be his own interest, regardless of its effect upon the others.

It is admitted that, where a majority combine to perpetrate an actual fraud upon the minority, the courts will interfere, as they do in cases of fraud. But in the pending action there is no claim of actual fraud. Upon what principle, then, are stockholders to be prohibited from voting at a stockholders' meeting? Cook, Stockh. § 652; *Gamble* v. *Queens County Water Co.,* 123 N. Y. 98; *Northwestern Transp. Co.* v. *Beatty,* 12 App. Cas. 589; *St. Croix Lumber Co.* v. *Mittlestadt,* 43 Minn. 91.

The statute of limitation upon the power of a bank to acquire real estate is imposed solely as a matter of public policy, in order to maintain a safe and wholesome banking system. 1878 G. S. ch. 33, § 20. An action to enforce this law must be brought by the party in whose interest, and for whose protection, the law was enacted; that is, by the State. The tort is a public, and not a private, tort; and the public only, the State alone, can maintain the action. 1 Morse, Banks, § 74.

But we submit that the law should have a reasonable interpretation; and that the proper test is, was the property purchased for the purpose of securing a suitable place of business, and not for any other purpose? *Upton* v. *National Bank of South Reading,* 120 Mass. 153.

GILFILLAN, C. J. The defendant bank is a banking corporation. The defendants Sheldon, Perkins, Featherstone, Brooks, Boxrud, and William and Frederick Busch, and the plaintiff Hoyt, were, at the times hereinafter mentioned, and now are, its directors. The director defendants were and are stockholders, owning a large majority of the stock. The plaintiffs are stockholders. The defendant stock-

holders owned a lot and building. At a directors' meeting on July 7, 1890, all the directors being present, it was resolved, all the directors except Hoyt, who protested, voting in the affirmative, that the corporation purchase at a price specified said lot and building, and on July 11th the owners executed a conveyance to the bank. The action is brought to set aside the transaction, and to prevent the funds of the bank being used to complete the purchase, and also to prevent a ratification by the stockholders, a meeting of whom had been called for the purpose; or, rather, to prevent such ratification by the votes of defendants.

There is no doubt that, within the rule in *Rothwell* v. *Robinson*, 39 Minn. 1, (38 N. W. Rep. 772,) the plaintiffs may bring such an action without first applying to the corporate authorities to bring it. The directors against whom complaint is made are not only a majority of the directors, but they own a majority of the stock, so that any application either to the board of directors or to the body of stockholders to bring the action would be equivalent to asking the alleged wrongdoers to bring suit in the name of the corporation against themselves. The law does not require of the minority stockholders to do so absurd a thing as a condition of seeking relief against the wrongful acts of the directors and majority stockholders.

The court below decided the case in favor of the defendants on the proposition that, although the act of the board of directors was voidable, it was not *ultra vires*, and was capable of ratification; and, where a majority of the stockholders have power to ratify the unauthorized act of the directors, courts will not interfere.

We see no reason to think this purchase was *ultra vires*,—that the corporation had not power to make it. And, that being so, it may be conceded that the board of directors had authority to make a purchase for the corporation. And it is undoubtedly true that where a corporation has power to do a certain thing, though the authority to do it is not in the directors, the stockholders may ratify their act if they assume to do it on behalf of the corporation. But this transaction is not voidable because *ultra vires*,— because there was no authority in the directors to purchase; but it is voidable under the rule that one having authority from an-

other to purchase or sell for him cannot purchase from nor sell to himself. To do so is in law a fraud. The rule is absolute, and the matter of fraud in fact is immaterial. The party for whom the purchase or sale is made need not allege nor prove fraud or injury, but may disaffirm without taking any risk. The rule is inflexible in order to prevent fraud on the part of one holding a fiduciary relation, by making it impossible for him to profit by it, thus removing temptation from his way. This court has steadily adhered to and applied the rule since it first enunciated it in *Baldwin* v. *Allison*, 4 Minn. 25, (Gil. 11.) But in all cases of the kind the principal may, with full knowledge of the facts, ratify what has been done.

The act of the defendant directors was a violation of this rule, and the purchase was not binding on the corporation until ratified. The question is therefore presented under the allegation and relief asked in the complaint, had the defendants a right to vote as stockholders at the stockholders' meeting called for the purpose upon the question of ratification?

While stockholders in a corporation owe the duty of good faith to each other in the management of the affairs of the corporation, they do not stand to each other in a fiduciary relation within the rule we have stated. They are not trustees nor agents for each other in the matter of voting upon any proposition that may come before a meeting of the stockholders. In voting, each must be guided by his own judgment as to what is for the best interest of the corporation. The fact that he may have a personal interest, separate from the others or from that of the corporation in the matter to be voted upon, does not affect his right to vote. It is not to be understood that the majority stockholders may use their power of voting for the purpose of defrauding the minority. It was said in *Gamble* v. *Queens County Water Co.*, 123 N. Y. 91, (25 N. E. Rep. 201,) in which the right of a stockholder in such a case to vote was affirmed: "In such cases it may be stated that the action of the majority of the shareholders may be subjected to the scrutiny of a court of equity at the suit of the minority shareholders." And in *Northwest Transp. Co.* v. *Beatty*, 12 App. Cas. 589, in which the same thing was held, it was said, in

effect, that in such case the ratification must not be brought about by unfair or improper means, nor be illegal or fraudulent or oppressive towards those shareholders who oppose it. A rule excluding stockholders from the right to vote merely because they might be personally interested to vote in a particular way, contrary to the interests of the other stockholders, would be likely to lead to great confusion.

The rule laid down in the two cases cited is sufficient to secure the exercise of the good faith which one stockholder owes to the others.

Judgment affirmed.

(Opinion published 52 N. W. Rep. 48.)