WILLIAM F. NYE *vs.* HEMAN B. STORER & others.

Suffolk.   January 27, 1897. — February 26, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, & KNOWLTON, JJ.

*Corporation — Right to let Property for Use unauthorized by Charter — Lease to Directors — Fraud — Equity.*

A corporation, which is authorized by its charter to hold real estate, is not restricted, in leasing it to others, to such a use as the corporation itself may make of the property, in the absence of a prohibition in the charter against a lease for the use in question.

A general charge of fraud in a bill in equity, without stating facts in which the fraud consists, is not sufficient.

That a lease of its property by a corporation runs to persons who are directors of the corporation, is a suspicious circumstance, which calls for careful scrutiny, but it does not of itself alone necessarily render the transaction void.

Although there is constructive fraud in a contract made by all the acting directors of a corporation with themselves as individuals which renders the contract voidable, there is no such fraud in a stockholder's voting upon a transaction between the corporation and himself; but such transactions will be set aside upon slight evidence of actual fraud.

BILL IN EQUITY, filed in this court August 1, 1895, by a stockholder and director of the Onset Bay Grove Association, against the officers and other directors and the corporation, for the cancellation of a lease, and for other relief.   The defendants demurred to the bill, assigning several grounds of demurrer. At the hearing, the demurrer was sustained, and the bill dismissed; and the plaintiff appealed to the full court.   The facts appear in the opinion.

*W. B. French*, for the plaintiff.

*T. E. Grover*, for the defendants.

KNOWLTON, J.   If we assume in favor of the plaintiff, without deciding, that he has alleged such facts in the conduct of the corporation and its directors as would enable him as a stockholder to obtain relief if it appeared that the acts complained of were illegal, we come to the substance of the charges of illegality.   See *Dunphy* v. *Traveller Newspaper Association*, 146 Mass. 495.

The corporation was established under St. 1877, c. 98, " for

the purpose of holding personal property and real estate where a wharf, hotel, and other public buildings may be erected, and building lots sold or leased for the erection of private residences or cottages under such rules and regulations as the association may prescribe." The third section provides that " all buildings, booths, or other structures erected on or attached to the grounds of the association shall, for the purposes of taxation, be considered real estate and taxable in the town of Wareham." The bill avers that " the corporation has built a wharf, public buildings, and many private residences or cottages, and its real property is now of great value." It also avers that for many years, during the summer season, the directors have conducted camp meetings and concerts upon the grounds of the company, and it is fairly to be inferred from the bill that a valuable part of the property of the corporation is adapted to this use. It is stated in the bill that the plaintiff has lately objected to the continuance of this business by the corporation, and that he notified the other directors that in his opinion it was illegal. Thereupon a lease of a part of its real estate was executed by the corporation, through the action of its directors, to an association of individuals consisting of the directors other than the plaintiff. At a subsequent meeting of the corporation, at which all the stockholders were represented, the lease was ratified. It is not contended that any of these proceedings were illegal in form, and the principal objection to them is that they are an invasion of the charter of the corporation, inasmuch as the corporation was not authorized to carry on the business of conducting camp meetings for profit, and the effect of the lease is to permit such a business to be conducted by others with the corporation's property.

We are of opinion that this objection is not well founded. The corporation is expressly authorized to hold real estate consisting in part of a wharf, hotel, and other public buildings. The right to hold such property includes the right to lease it so as to make it produce income. Pub. Sts. c. 105, § 6. *Dupee* v. *Boston Water Power Co.* 114 Mass. 37, 43. It would be too strict a construction of the statute to decide that a corporation which may lease real estate for profit can lease it only to be used in those kinds of business which it is authorized by its

charter to carry on. At the time of making this lease the corporation was in possession of property which for many years had been used in summer for holding camp meetings. We see nothing in its charter to forbid its leasing the property for such a use. There are no facts stated in the bill to support the charge that the lease was made to evade the charter.

The only other ground of objection to the lease is that it was fraudulent. But in this part of the case there are no fraudulent acts charged. It is not charged that the price to be paid was inadequate, or that the directors or corporation acted otherwise than as they deemed for the best interest of the stockholders. The lessees assumed all risks, and agreed to give the corporation one half of the net income. The effect of the lease upon the corporation property not included in the lease was to be considered, as well as other questions of policy. That the plaintiff is prevented from receiving a portion of the surplus earnings and actual profits of the company does not show fraud. It may well be for its pecuniary benefit, and that of every stockholder in the corporation, that a portion of the earnings will be used by the lessees in accordance with the terms of the lease. A general charge of fraud, without stating facts in which the fraud consists, is not enough. *Nichols* v. *Rogers*, 139 Mass. 146. *Other* v. *Smurthwaite*, L. R. 5 Eq. 437, 441. That the lease runs to persons who are directors of the corporation is a suspicious circumstance, which calls for careful scrutiny, but of itself alone it does not necessarily render the transaction void. *Union Pacific Railroad* v. *Credit Mobilier*, 135 Mass. 367, 376. *Kelley* v. *Newburyport & Amesbury Horse Railroad*, 141 Mass. 496, 499, and cases cited. Such a lease may be made in good faith for the best interests of the corporation. It may be avoided or may be ratified by the corporation. Although there is constructive fraud in a contract made by all the acting directors of a corporation with themselves as individuals which renders the contract voidable, there is no such fraud in a stockholder's voting upon a transaction between the corporation and himself. *Northwest Transportation Co.* v. *Beatty*, 12 App. Cas. 589. *Gamble* v. *The Queen's County Water Co.* 123 N. Y. 91. *Bjorngaard* v. *Goodhue County Bank*, 49 Minn. 483. See also *Twin-Lick Oil Co.* v. *Marbury*, 91 U. S. 587; *Pneumatic Gas Co.* v. *Berry,*

113 U. S. 322; *Conyngham's appeal*, 57 Penn. St. 474. But such transactions will be set aside upon slight evidence of actual fraud.

In the present case the substance of all the charges is that the making of the lease was an evasion of the charter, and, it being established that such a lease might lawfully be made under the charter, no valid objection to the transaction is stated. It is not charged in the bill nor contended in argument that the directors in making the lease intended to obtain a pecuniary advantage for themselves, to the detriment of the other stockholders.                          *Bill dismissed.*