FORT PAYNE ROLLING MILL *vs.* HOLLIS B. HILL.

Suffolk.    March 8, 1899. — September 7, 1899.

Present: HOLMES, C. J., KNOWLTON, LATHROP, BARKER, & HAMMOND, JJ.

*Validity of Contract between Corporation and Director.*

After services have been rendered by a director of a corporation under votes in which he took no part, and by which he was employed to settle claims against the corporation and was to be allowed a certain commission, a receiver of the corporation is not entitled, as matter of law, to avoid the contract under which they were rendered, it being found that all parties acted in good faith and that the contract was not improvident; and it is immaterial that the director bought up the claims and held them as security for the sums advanced by him.

CONTRACT, for money had and received.  At the trial in the Superior Court, before *Fessenden*, J., the jury returned a verdict for the defendant; and the plaintiff alleged exceptions.  The facts appear in the opinion.

*W. H. Baker & E. Lowe*, for the plaintiff.

*J. W. Spaulding*, for the defendant.

HOLMES, C. J.    This is an action to recover a sum received or retained by the defendant by way of discount upon debts of the plaintiff company which the defendant settled.  This discount was or might have been found to have been received by the defendant in pursuance of votes of the directors by which he was employed to settle claims against the plaintiff company, and was to be allowed five per cent of the face value of bonds used in payment and whatever discount he could get from the claims. He was a director, but took no part in the votes.  The main

question is whether after the services have been rendered a receiver of the company has the right as matter of law to avoid the contract under which they were rendered. The jury have found that all parties acted in good faith and that the contract was not improvident. They may have found more specifically that the defendant advanced his own money to settle the claims, that the claims were secured by liens and were being pressed, and that the company had no other way of raising money. We are not prepared to say that the receiver may avoid the contract now. If made with any one else it would have been binding. It was not illegal or void because made with a director, the only person likely to be willing to make it. In this country it very generally has been deemed impracticable to adopt a rule which absolutely prohibits such contracts. *Nye* v. *Storer*, 168 Mass. 53, 55. Whatever small conflict of interest between himself and the company there may have been was no greater or other than that between a broker paid by a percentage and his principal. It was manifest and must have been understood. The contract called for action outside the defendant's duty as director, or at least, on the defendant's evidence, needed such action before it could have any effect, for it was no part of the defendant's duty as director to advance his own money. Assuming the contract to have been a provident one, as it well may have been, and as the jury have found that it was, it seems to us not much more open to objection than a contract with a managing director to pay him a salary.

It is argued that the defendant did not pursue the votes because he bought up the claims and held them as security for the sums advanced by him. But under the terms of the arrangement with the defendant the course adopted did not in any way tend to the disadvantage of the company, and we must take it that the jury have found, as they had a right to find, that the purchase was merely a step in a transaction which ended, and from the beginning was intended to end, in the payment of the claims. It does not seem to us that a more definite discussion of the rulings asked and given is necessary.

*Exceptions overruled.*