## STELLA P. EMERSON v. CITIZENS STATE BANK OF MAHNOMEN, BY A. J. VEIGEL.[1]

March 15, 1929.

No. 27,116.

*Dennis & Bell* and *A. J. Powers,* for appellant.
*L. A. Wilson* and *D. F. Nordstrom,* for respondent.

[1]Reported in 224 N. W. 239.

WILSON, C. J.

Plaintiff appealed from an order denying her motion for a new trial.

On February 15, 1926, plaintiff by letter sent to defendant bank a deed conveying certain land to one Luecken with instructions to deliver upon his paying $1,200, "providing the full amount is placed in the bank as my account." The bank acknowledged the receipt of the letter and restated the instructions. On March 20, 1926, the bank delivered the deed to grantee upon his leaving with the bank $1,190 and claiming a credit of $67.51 because of taxes. Thereupon the bank wrote plaintiff that the grantee "requests that this item [$67.51] be deducted from the $1,190.00 and if you will authorize me, I will deposit the balance, $1,122.49, to your account as per his instructions." Further correspondence followed in which the bank urged plaintiff to yield to the demands of the grantee, but she claimed they were not consistent with her contract; and on April 12, not being advised that her deed had been delivered, she advised the bank that the "deal is dropped" and demanded the return of her deed. On April 19 the bank sent to plaintiff two interest-bearing certificates of deposit for $600 and $590 payable in six months and twelve months, respectively, from March 20, 1926. Four days later the bank closed.

Plaintiff's instruction to the bank to place the money to her account meant that it was to be placed to her credit in her checking account, which had no balance since January 6, 1926. The bank did not do this. It held the money. It is claimed that the certificates were written on the day of their date. They were not delivered. They were unauthorized. They were never accepted. Plaintiff expected and intended to use her money in April. She did not wish certificates of deposit. The conduct of the bank in attempting to have plaintiff take the time certificates against her positive instructions in its apparent precarious condition furnishes a possible reason for not crediting the checking account.

The relation of creditor and debtor does not exist because of the unaccepted time certificates. Nor was that relation as contemplated by a credit on the checking account ever realized. The money was

received to be given to plaintiff. The bank's duty in reference to the money was indicated in plaintiff's instruction. Its agency in behalf of plaintiff required the money to be credited to the checking account. This was not done.

The bank received the money as plaintiff's agent. Its duty was to deposit the money to the checking account. This would have created the relation of debtor and creditor. It violated its instructions and withheld the authorized credit. It could not deprive plaintiff of her title by an unauthorized disposition of her money which really amounted to a breach of trust. It remained hers. In this situation the bank closed. It follows that the bank never acquired title to the money and that the relation between the bank and plaintiff was that of trustee and cestui que trust; and that plaintiff is entitled to her money and her claim should be allowed as a preferred one. Blummer v. Scandinavian Am. State Bank, 169 Minn. 89, 210 N. W. 865. See Winkler v. Veigel, 176 Minn. 384, 223 N. W. 622.

Reversed.

Stone, J. (dissenting).

It seems to me that we are reversing upon a mere issue of fact when there is much if not a predominant amount of evidence in support of the decision below. Plaintiff by her letter of February 15, 1926, directed that the collection from Luecken be placed "in the bank as my account." Mr. Kimpel, then its president, handled the matter for the bank and construed plaintiff's instructions to be "to deposit the money for her account." The money was collected March 20 and the deed delivered. The transaction as between plaintiff and the bank rests in correspondence. March 20, upon making the collection, Mr. Kimpel wrote plaintiff stating that some taxes were due and would have to be deducted from plaintiff's money and that he would "deposit the balance, $1,122.49, to your account as per his instructions."

While plaintiff is not much versed in business affairs, this was not her first experience as a depositor. She had previously had a checking account with this very bank. She understood the opera-

tion of a deposit and the resulting credit to the depositor. In a letter of April 2 to Mr. Kimpel, when she was trying to escape the Luecken transaction, she sent in a check for $200 directing that from its proceeds Luecken be reimbursed for what he had "already spent" and then stating, "place the balance to my credit." Then again on April 12 she wrote Mr. Kimpel protesting somewhat against having any delinquent taxes charged to her and stating in conclusion: "You will remember when I mailed the deed * * * placing it in the bank as I agreed with Mr. Luecken with no other obligation and he was to deposit $1,200.00." On April 19, and this is important only as showing the construction which Mr. Kimpel put upon the transaction, he wrote plaintiff sending her the two certificates of deposit. Doubtless the bank was anxious to retain the money; but if there is any issue of fact here, I should suppose that the finding on it below would be controlling. Mr. Kimpel's explanation is, and there is nothing to contradict it—it is the one he made to plaintiff—"Mr. Luecken did not say whether you wanted it all on twelve months time or not, but in order that you will have the benefit of time, we have executed one of these Certificates for six months and one for twelve." Admittedly, plaintiff did not expect or intend to use the money deposited by Luecken on March 20 until some time in April.

It seems to me wholly immaterial that the bank was not authorized to issue certificates of deposit. The point is that both plaintiff and the bank intended there should be a deposit, and so it was immaterial that the depositor intended it to be subject to check and the bank supposed it to be on time. Both intended and the result remained a mere general credit to plaintiff and not a trust obligation to her. The collection was not made for any purpose, general or special, other than for the general credit of plaintiff. If that is so, the decision below was right and should be affirmed.