# OTTAWA BANKING & TRUST COMPANY v. CROOKSTON STATE BANK, BY A. J. VEIGEL.[1]

December 18, 1931.

No. 28,591.

*Alexander Fosmark* and *Grady & Grady*, for appellant.
*John H. Hougen,* for respondent.

DIBELL, J.

Action to have the sum of $2,500 belonging to the plaintiff as guardian of its minor ward adjudged a preferred claim over the general creditors of the Crookston State Bank, which is in liquidation. The court found that the plaintiff was not entitled to a pref-

[1]Reported in 239 N. W. 666.

erence. It appeals from an order denying its motion for a new trial.

■ One J. A. Northrop was appointed by the probate court of Polk county guardian of Truman B. Thompson, a minor, on September 27, 1919. He received $2,500 in cash from the estate of his ward and deposited it in the Crookston State Bank in his name as guardian of Thompson on February 5, 1920.

On January 20, 1920, one Woods made a mortgage to the Crookston State Bank for $2,500. It was recorded on February 6, 1920. Northrop traded his deposit as guardian for the bank's mortgage. On March 6, 1920, the mortgage was assigned by the bank to Northrop, as guardian. The assignment was recorded on February 1, 1928. On July 15, 1927, the bank became insolvent and was taken over for liquidation by the commissioner of banks. On September 30, 1927, the Ottawa Banking & Trust Company, of Ottawa, Illinois, was appointed guardian of Thompson by the proper court of Illinois, he having become a resident of that state; and in April, 1930, after the refusal of the commissioner to allow a preference, the guardian brought this action to have a preference adjudged. The court denied this relief, and this appeal followed.

Northrop was president and general manager of the bank. It fairly enough appears that he was altogether in control. In the transaction he acted in effect both as bank and as guardian. As an officer of the court and trustee of a probate estate he owed a legally imposed duty to act in the interest of the estate of his ward. As an officer of the bank his personal interest was hostile to his duty as trustee. When a trustee trades the trust property to himself or to his advantage his cestui may avoid or affirm it as he chooses without showing damage though no actual fraud is practiced upon him. This principle is not a discovery. As long ago as Baldwin v. Allison, 4 Minn. 11 (25) when the principle was first applied in our state, the court said that to state it was but to add one more case to the line of uniform authority. It was then old in the English and early American law. But the lay mind has failed to appreciate that the law will not permit the trustee to de-

bate his good faith or permit him to submit himself to the temptation of acting in his own interest rather than with fidelity to his trust. The law will not put him to the test. It will not inquire. There are cited some of the cases, following our early one, where a trustee has unsuccessfully quarreled with the stubborn pronouncement of the law. King v. Remington, 36 Minn. 15, 29 N. W. 352; Tilleny v. Wolverton, 46 Minn. 256, 48 N. W. 908; In re Granstrand, 49 Minn. 438, 52 N. W. 41; Bjorngaard v. Goodhue County Bank, 49 Minn. 483, 52 N. W. 48; St. Paul Trust Co. v. Strong, 85 Minn. 1, 88 N. W. 256. And so far has the quarrel gone that trustees have sometimes insisted in recent cases, but without success, claiming something from a statute, upon the right to sell securities owned by them in an individual capacity to themselves as trustees. Larson v. Security B. & T. Co. 178 Minn. 209, 224 N. W. 235, 226 N. W. 697; Kelly v. First Minneapolis Trust Co. 178 Minn. 215, 226 N. W. 696. The mere statement that the law does not permit a trustee as an individual to deal with himself as trustee should be enough. Slight reflection ought to persuade a trustee that if as trustee he can trade with himself as an individual his usefulness as a trustee is gone; and with it will go the opportunity of acting as such among those who understand that he has such power; for if he has such power no one will want him long as trustee.

■ Northrop's deposit of $2,500 in the bank was not a special deposit. See Hjelle v. Veigel, 169 Minn. 173, 210 N. W. 891; Standard Oil Co. v. Veigel, 174 Minn. 500, 219 N. W. 863; Blythe v. Kujawa, 175 Minn. 88, 220 N. W. 168, 60 A. L. R. 330; Winkler v. Veigel, 176 Minn. 384, 223 N. W. 622; Emerson v. Citizens State Bank, 176 Minn. 584, 224 N. W. 239; Campion v. Big Stone County Bank, 177 Minn. 51, 224 N. W. 258; Hogenson v. Farmers & C. State Bank, 180 Minn. 342, 230 N. W. 817. Nor was the deposit impressed with a trust. Hjelle v. Veigel, 169 Minn. 173, 210 N. W. 891; Adams v. Farmers State Bank, 176 Minn. 108, 222 N. W. 576; Winkler v. Veigel, 176 Minn. 384, 223 N. W. 622; Emerson v. Citizens State Bank, 176 Minn. 584, 224 N. W. 239; 1 Dunnell, Minn.

Dig. (2 ed. & Supp.) § 786b, and cases cited. Northrop's relation to his ward was a fiduciary one. His deposit in his name as guardian, though of trust money, was a general deposit. It created with the bank the relation of debtor and creditor. It was not a bailment. Such a deposit does not give the trustee a right of preference upon the subsequent insolvency of the bank. Campion v. Village of Graceville, 181 Minn. 446, 232 N. W. 917. And a deposit in the name of a guardian or administrator or the like is not a special deposit and does not create a trust. Officer v. Officer, 120 Iowa, 389, 94 N. W. 947, 98 A. S. R. 365; Fletcher v. Sharpe, 108 Ind. 276, 9 N. E. 142; Paul v. Draper, 158 Mo. 197, 59 S. W. 77, 81 A. S. R. 296; Retan v. Union Trust Co. 134 Mich. 1, 95 N. W. 1006; Board of Education v. Union Trust Co. 136 Mich. 454, 99 N. W. 373.

The court was right in denying a preference.

Order affirmed.

LORING, J. took no part.