ALFRED SCHENDEL v. J. N. PEYTON AND ANOTHER.[1]

March 29, 1935.

No. 30,232.

[1]Reported in 259 N. W. 692.

*Thomas E. Latimer,* for appellants.
*T. J. Wagemaker,* for respondent.

HOLT, JUSTICE.

Upon stipulated facts the court made findings and as a conclusion of law that plaintiff recover of the defendant bank $12,176.20 and have judgment declaring said sum a preferred claim against the bank and directing the commissioner of banks to pay the same out of the property and assets of said defendant bank. Defendants appeal from the order denying their motion for a new trial.

The assignments of error raise only the right of plaintiff to a preference. The claim against the bank is concededly $12,176.20. For an understanding of the legal question involved only these facts need be stated: In February, 1919, S. W. Anderson was appointed guardian of the above mentioned minors by the probate court of Renville county. He qualified, furnished the statutory bond in the sum of $5,000, and continued such guardian until June 2, 1931, when removed. Plaintiff is now the duly qualified guardian. During all the time from his appointment up to March 22, 1930, Anderson was an active officer of the Farmers & Merchants State Bank of Hector in said county, which bank, on last mentioned date, consolidated or merged with the State Bank of Hector, the latter bank taking over all the assets of the Farmers & Merchants State Bank and assuming all its liabilities. The State Bank of Hector operated as a bank until May 26, 1931, when it was taken over for liquidation by the defendant bank commissioner. After the consolidation Anderson was an active officer and cashier of the State Bank of Hector until it was closed. Some time after his appointment large sums of money belonging to his wards came

into Anderson's hands as guardian. These he deposited in the Farmers & Merchants State Bank of Hector on time certificates and savings and checking accounts. He continued to do so until that bank consolidated with the defendant bank, whereupon he continued the funds in the latter in a similar manner until taken over by the defendant commissioner of banks. In 1925 the then judge of the probate court of Renville county notified Anderson, as well as other guardians, executors, and administrators, and all the banks in the county, including the two banks here involved, that guardians and such officers having deposited funds of their wards or estates in banks must obtain from such banks securities or bonds to the guardians, executors, or administrators in double the amount of the deposit, which securities or bonds were to be approved by the probate court and filed therein. Anderson did not obtain such bond or security from the Farmers & Merchants State Bank above referred to, nor did he withdraw the funds of his wards there on deposit. The defendant bank retained the funds after the merger in the same form and manner as the Farmers & Merchants State Bank had kept them and furnished no bond or security to the guardian.

Appellants' position is that the funds of the wards placed in the bank by the guardian became a general deposit and that the order of the probate court was of no effect upon the bank because not within its jurisdiction. It must be readily granted that when Anderson placed the funds of his wards in the bank in the manner he did they did not become impressed with a trust merely because he was an active officer of the bank and knew the character of the funds. Nor was there a special deposit, nor a bailment. A general deposit was created. Our own decisions settle that proposition. Ottawa B. & T. Co. v. Crookston State Bank, 185 Minn. 22, 239 N. W. 666, and the many prior decisions therein cited. We also concede that the probate court had no jurisdiction over the bank. But that notwithstanding, we think the conclusions of law of the learned trial court are sustained by the facts stipulated and found.

With the knowledge of the order of the probate court that the funds of wards could not be kept on deposit in the banks unless the guardian obtained securities or bonds, to be approved by the court, in double the amount of deposit, to secure the same against loss, the Farmers & Merchants Bank renewed the certificates of deposit and allowed the accounts to pass to the defendant bank, and the latter, with the same knowledge, took over the deposited funds and treated same precisely as the Farmers & Merchants Bank had done. Both banks knowingly and wilfully assisted the guardian to thwart the efforts of the probate court to have the deposited funds protected or else withdrawn. While the probate court had no jurisdiction over the banks, it did have over the guardian; and the order here in question was held proper and within the jurisdiction of the probate court in Snicker v. Byers, 176 Minn. 541, 224 N. W. 152. That being so, the court was right in giving plaintiff's claim a preference under the principles stated in the first paragraph of the syllabus in Rodgers v. Bankers Nat. Bank, 179 Minn. 197, 229 N. W. 90. After the order of the probate court had been served upon Anderson and these banks, the action of the banks in renewing the certificates of deposit and in transferring the savings account and checking account to defendant may be regarded as converting the wards' funds into a trust *ex maleficio*. The probate court's order becomes much like statutory provisions against depositing public funds in a bank without the depositing official taking from the bank a bond or collateral security to indemnify against loss. In such a case, where the bank accepts such funds on deposit without furnishing the security, the court has held it becomes a trustee *ex maleficio* of the deposit, and the funds are entitled to a preference on the bank being taken over for liquidation. Reichert v. United Sav. Bank, 255 Mich. 685, 239 N. W. 393 (82 A. L. R. 33, annotated) ; Tooele County Bd. of Ed. v. Hadlock, 79 Utah, 478, 11 P. (2d) 320.

The order is affirmed.

Stone, Justice (dissenting).

Anderson's deposits made the bank a debtor, nothing more. The money from then on was property of the bank, to do with as it

pleased. The new bank did not take "over the deposited funds" which had lost their identity among the other assets of the old bank. All the new bank took over was the obligation to repay the amount of the deposits; that is, it became a simple contract debtor. Nothing has occurred, other than this decision, with any competence to convert the debtor into a trustee. "A trust so created * * * is a preference under another name." Jennings v. United States F. & G. Co. 294 U. S. 216, 226, 55 S. Ct. 394, 398, 79 L. ed. 355. I protest against what seems to me is an artificial preference. We have too many already. The loss to depositors of our closed banks is large enough now without this new category of preferences.

