LOUISA E. PATTERSON v. JOHN K. PATTERSON ET AL.[1]

[See 49 Mich. 176.]

*Agreement for use of land—Question for jury.*

Defendant in a suit for trespass upon land belonging to an estate in pro-
cess of settlement, justified under an agreement which he claimed to
have made with decedent's widow that he might use the land for a
year or until the estate should be settled.   There was evidence tend-
ing to show that it might be settled within a year.   *Held,* that a
charge that plaintiff could not recover if the jury should find that
defendant was to have the use of the land while the estate was being
administered, was erroneous ;  the question should have been sub-
mitted whether the arrangement was to last until, or end with, the
settlement of the estate, irrespective of the time it should take to
settle it.

Error to Kalamazoo.   (Mills, J.)   Feb. 7.—April 30.

TRESPASS.   Plaintiff brings error.   Reversed.

*Edwards & Stewart* for appellant.

*Howard & Roos* for appellee.

CHAMPLIN, J.   This case comes before the Court in an
essentially different aspect from what it did on the former
occasion.   The question then presented was whether the
plaintiff and her children were entitled to a homestead right
in the dwelling-house and forty acres, to the exclusion of the
other heirs.   This Court then held that the question was
decided by *Robinson v. Baker* 47 Mich. 619, to the effect
that the homestead right secured by the Constitution was an
exemption provision strictly, and gave the right only as
against creditors.   And this Court also then held that "it
does not follow that because the heirs might claim partition,
they were therefore at liberty to disturb an existing posses-
sion ; and in respect to actual occupancy the evidence was

---

[1] This case and the next should have appeared in Vol. 53, at p. 504.

such as to make a case for the jury." It was also said that "it appears from the statement of facts above given that, while the plaintiff claimed to be in possession of the locus in quo at the time of the alleged trespass, John K. Patterson claimed on the other hand to have been in exclusive possession with the plaintiff's consent. If this claim on his part was sustained by the evidence it should have been an end of the case. But the burden to prove this was upon the defendant, and the plaintiff denied."

The record now before us discloses more fully the particulars of the defendants' claim, and the proof by which it was attempted to be established. The defendant John K. Patterson testified that on the 2d day of May, 1880, he made an agreement with the plaintiff for a division of the farm, by which he should have the west portion, being the fifteen acres now in dispute, to cultivate and crop "for one year, or during the process of the settlement of the estate." Another defendant, Martin Bacon, testifies to being present and hearing the agreement stated over, and he was asked by defendants' counsel the following question: "State what was said, if anything, with reference to the time this division should continue?" To which he answered: "It should be for one crop, or until the estate should be settled. Mr. Lillie said he supposed it would be settled within a year or before, but he would say for one crop, or until the estate was settled." John K. Patterson immediately arranged with Martin Bacon to put in a crop of corn on shares, and he did so.

The plaintiff denies that she made any such agreement as to division of the farm for cultivation, but says she consented to Mr. Patterson putting in one crop of corn, and after it was harvested she was to have the exclusive possession again. Immediately after the corn was harvested a dispute arose between the parties as to the possession of the fifteen acres, both parties seeming to act upon their respective understanding as to the agreement. Each turned their stock in the field, and each turned the other's out. In the spring of 1882 plaintiff was in possession, and had commenced plowing the ground for the purpose of sowing oats; during which

time the defendant Bacon came with his team and also commenced plowing, and drove plaintiff's son, who was plowing for her, away.   She forbade Bacon from plowing or sowing; nevertheless he continued on and put in a crop of oats. When the oats were fit to be harvested plaintiff attempted to secure the crop, but defendant Bacon prevented, and although forbidden by plaintiff, harvested and drew away the crop.

The court instructed the jury as follows: " If you find that an agreement was made between the plaintiff and John K. Patterson by which he, either for himself alone or for himself and two older sisters, was to have the use of the fifteen acres upon which the oats were grown, while the estate of William W. Patterson was being administered, plaintiff cannot recover in this case."

We think this charge of the court failed to present to the jury the law properly, as based upon the testimony in the case relative to the agreement claimed to have been made by defendants between the parties.   The court should have submitted to the jury the question whether the agreement, if they found one to have been made between plaintiff and defendant Patterson in May, 1880, for the use of the fifteen acres, was by its terms or in contemplation of the parties, to terminate at the end of one year or sooner, if the estate should be sooner settled, or whether it was not to terminate until the estate was settled, if that period extended beyond one year.   The evidence of the agreement introduced by the defendants was just as consistent with one hypothesis as the other, and tended more strongly to prove the former than the latter.

The law gave the administrator one year and six months to settle the estate, and no reason was shown to exist to lead the parties to suppose that a longer time would be required.

The evidence does not fix the exact time of granting letters of administration, but judging from the time of the decease of William Patterson, which is given in the stipulation of facts, six months or perhaps more had elapsed since the appointment.   Considering this fact, in connection with

the evidence of defendants Patterson and Bacon relative to the agreement, the jury would have been justified in finding that such agreement was to have terminated in one year or sooner, if the estate should have in the meantime been settled. And if they had so found, defendants would have had no right to enter and sow the crop of oats in question, and plaintiff was entitled to treat such unauthorized entry upon her possession as a trespass.

The instruction given entirely overlooked the vital point raised upon this branch of the evidence introduced by defendants to make out their justification, and for this error the judgment must be

Reversed and a new trial ordered.

COOLEY, C. J. and CAMPBELL, J. concurred.

SHERWOOD, J., having been of counsel, did not sit in the case.