SECURITY BANK OF MINNESOTA *vs.* NORTHWESTERN FUEL Co.

Argued July 2, 1894. Affirmed July 10, 1894.

No. 8717.

**Drafts checks &c deposited in Bank by a customer.**

   Upon a deposit being made by a customer of a bank, in the ordinary course of business, of checks, drafts, or other negotiable paper, received and credited on his account as money, the title to the checks, drafts, or other paper immediately becomes the property of the bank, unless a different understanding affirmatively appears.

Check indorsed, "For deposite."

> An indorsement by the customer of a check, payable to his own order, "for deposit in the [name of the bank] to the credit of [the name of the depositor]," is sufficient to pass the title to the check to the bank, and is not a restrictive or qualified indorsement.

Appeal by defendant, Northwestern Fuel Company, from an order of the District Court of Hennepin County, *Robert D. Russell*, J., made February 10, 1894, denying its motion for a new trial.

On April 7, 1893, defendant drew its check for $418.12 upon the Bank of Minneapolis and delivered it to Milo G. Phillips who was doing business at Minneapolis under the name of Mill Wood Company. He on the same day deposited the check with the plaintiff, the Security Bank of Minnesota, indorsed, "For deposit in Security Bank to the credit of the Mill Wood Co.," and had credit on its books in his account for the amount. Defendant claimed that its agent at Minneapolis gave this check to Phillips by mistake, that Phillips was largely indebted to it and that next morning, April 8, it stopped payment of the check. The Security Bank brought this suit upon the check claiming that title to it passed by the indorsement and deposite. The trial court so held, and ordered judgment for plaintiff. The Fuel Company moved for a new trial. Being denied it appeals.

*C. D. & Thos. D. O'Brien*, for appellant.

The question presented in this case is, whether or not the title to the check in controversy passed to the plaintiff below at the time of the deposit of such check in its bank on April 7, so that as to defendant the plaintiff bank became a bona fide holder and owner of such check free from any defenses held by the maker thereof against the Mill Wood Co. The question of the passing of title is one of agreement between the parties, and the fact that the indorsement of the paper by the customer was unrestricted or that he was before collection credited with the amount on his account with the privilege of drawing against it, is not conclusive on the question of the ownership of the paper. *In re State Bank*, 56 Minn. 119; *Thompson* v. *Sioux Falls Nat. Bank*, 150 U. S. 231; *Dresser* v. *Missouri & I. R. C. Co.*, 93 U. S. 92; *Manufacturers Nat. Bank* v. *Newell*, 71 Wis. 309.

*Hale, Morgan & Montgomery*, for respondent.

Upon a deposit being made by a customer in a bank, in the ordinary course of business, of money drafts or other negotiable paper, received and credited as money, the title passes and the money draft or other paper immediately becomes the property of the bank.  It then is a debtor to the depositor for the amount, and if no other facts appear except these, they conclusively show an intention of the parties that the paper should immediately become the property of the bank.

The words upon the back of the check, *"For deposit in the security Bank to the credit of the Mill Wood Co.,"* was an indorsement by the payee, passing title so as to make the bank a *bona fide* holder. The whole indorsement should be taken together, and having been placed there by the payee, Mill Wood Co., it is to be considered as the indorsement of the Mill Wood Co.   The fact that there is prefixed to the name, "Mill Wood Co." other words makes it none the less the indorsement of the company.   The form of the indorsement is immaterial, if the court can see that it was the intention of the indorser to pass the title to the instrument.   1 Daniel Neg. Instr., § 688.

MITCHELL, J.   The defendant gave its check for $418.12 on the Bank of Minneapolis, payable to the order of the Mill Wood Company, which was a customer of, and had a deposit account with, the plaintiff, on which it was accustomed to deposit cash and checks, which were credited to its account, and against which it was authorized to draw its checks.   On the same day on which the Mill Wood Company received the check it indorsed it, "For deposit in the Security Bank to the credit of the Mill Wood Company," and deposited it, with other checks, with the plaintiff, receiving a deposit slip, and being credited with the amount on its deposit account.   Immediately preceding this deposit the Mill Wood Company's account was overdrawn, but, after making this deposit, and another, made the same day, there was a balance to its credit of $376.30, including the credit for the check in question.   The next morning it drew checks against its account, which were paid, which overdrew its account $363.72, and this overdraft has never been paid.   Subsequently, on

the same day, the check was duly presented for payment to the Bank of Minneapolis, but was dishonored, for the reason that the defendant had forbidden its payment. Immediately afterwards the Mill Wood Company became, and still remains, insolvent. This is a suit on the check. The only question is whether the title to the check had passed to the plaintiff. We think it had. The indorsement of the Mill Wood Company was sufficient, and was not restrictive or qualified.

Where a customer has a deposit account with a bank, on which he is accustomed to deposit checks payable to himself, which are credited to him on his account, and against which he is authorized to draw, an indorsement "For deposit" is, in the absence of a different understanding, a request and direction to deposit the sum to the credit of the customer, and passes the absolute title to the check to the bank. *Commercial Bank* v. *Miller*, 77 Ala. 168; *First Nat. Bank* v. *Smith*, 132 Mass. 227.

Upon a deposit being made by a customer in a bank, in the ordinary course of business, of money, checks, drafts, or other negotiable paper received and credited as money, the title of the money, drafts, or other paper immediately becomes the property of the bank, which becomes debtor to the depositor for the amount, unless a different understanding affirmatively appears. *In re State Bank*, 56 Minn. 119, (57 N. W. 336.) There is nothing in this case indicating any different understanding.

Order affirmed.

BUCK and COLLINS, JJ., absent.

(Opinion published 59 N. W. 987.)