## STATE *vs.* JOSEPH S. GRILLS.

### DECEMBER 13, 1912.

PRESENT: Dubois, C. J., Johnson, Parkhurst, and Sweetland, JJ.

*(1)   Criminal Law.   Evidence.   Embezzlement.*

Where upon an indictment charging embezzlement of the sum of $600 entrusted to defendant, a banker, to remit to a foreign bank, complainant testified that he directed defendant to send to Rome $600, and there was an entry upon the pass book of complainant made as a part of the transaction of the withdrawal of $600 from his deposit, a receipt given to complainant by defendant at that time, reciting the receipt of $600 from "X., son of (complainant)"—a mistake for "complainant, son of X.," was properly admitted in evidence on the part of the State, as a writing delivered as part of the transaction, especially in view of the fact that defendant testified that the receipt was in that form through his mistake.

*(2)   Criminal Law.   Evidence.*

Upon an indictment charging embezzlement of funds entrusted to defendant to remit to a foreign bank, the State was properly permitted to inquire of the complainant if he knew whether the defendant ever sent the money to the bank.

*(3)   Criminal Law.   Evidence.*

Testimony as to statements made to a third person by the brother of a complainant in an indictment, the brother not being a witness in the case, was properly excluded as hearsay.

*(4)   Request to Charge.*

The court may properly modify a request to charge, by calling the attention of the jury to the testimony, which should be considered by them in making application of the legal principles contained in the charge.

*(5)   Criminal Law.   Embezzlement.*

Where it appeared upon an indictment charging the embezzlement of $600, that the depositor directed defendant, a banker, to send $600 of the sum on deposit to Rome and defendant entered the withdrawal of $600 upon the pass book of the depositor, and gave a receipt to the depositor for this sum and made an entry of the balance of the deposits after this withdrawal, and gave no explanation consistent with good faith as to why he had not forwarded the money or returned it to the depositor, the jury were warranted in finding that defendant separated such sum from the rest of the deposit and held it thereafter as a special deposit for the specific purpose named in the indictment.

*(6)   Banks and Banking.   Criminal Law.*

The ordinary relation of a banker and customer is that of debtor and creditor as to the deposits made by the customer with the banker.   This relation may be changed as to the whole or a part of a general deposit.   Without

actual delivery to the customer and a redeposit by him, for a special purpose, such general deposit by agreement may be converted into a special deposit and become a fund in the hands of the banker with which he is entrusted for the specific purpose named in the agreement creating the special deposit. Such fund is impressed with a trust, the violation of which is a fraud. The use of such fund contrary to the provisions of the trust would amount to a fraudulent conversion and would render him guilty of embezzlement, unless explained as consistent with good faith.

INDICTMENT charging embezzlement. Heard on exceptions of defendant and overruled.

SWEETLAND, J. This is an indictment charging embezzlement. The indictment is in seven counts and with slight variations in language the several counts substantially charge that at Westerly, on the first day of July, 1908, the respondent was entrusted with money to the amount of six hundred dollars by one Giacchino Spennato for the specific purpose of sending, transmitting and remitting said money to the Postal Savings Bank of the City of Rome in the Kingdom of Italy; and that the respondent, contrary to such specific purpose, did embezzle said money and did fraudulently convert the same to his own use. To this indictment the respondent pleaded not guilty and the same was tried in the Superior Court for the county of Washington before Mr. Justice Brown sitting with a jury. The jury returned a verdict of guilty. The defendant's motion for a new trial was denied by said justice. The case is before us upon exceptions to certain rulings made by said justice during the trial and to the decision of said justice denying said motion for a new trial. At said trial the respondent, as a witness, contradicted, in certain particulars, the testimony of said Giacchino Spennato as to the transaction upon which the counts of the indictment are based. However from all the evidence the jury were warranted in finding the essential facts to be as follows: (1) The respondent, an Italian by birth, conducted a banking business in said Westerly. The said Spennato, also an Italian by birth, made deposits of money with the re-

spondent as banker, and received from the respondent a pass book, the printed parts of which were in the Italian language, and in which the deposits and withdrawals were entered also in Italian. On August 3rd, 1908, the said Spennato had on deposit with the respondent as such banker the sum of $644. On said day, the same being within six months after the date of the embezzlement alleged in said indictment, the said Spennato directed the respondent to send $600, of said sum on deposit with the respondent, to a bank in Rome known as the Postal Savings Bank, there to be deposited in the name of said Spennato, and to obtain for said Spennato from said bank at Rome a book showing said deposit in the name of Spennato. This the said respondent undertook to do and set apart the sum of $600 from the deposit of said Spennato for that purpose. As a part of the transaction the respondent wrote in said pass book, on a page designated for withdrawals, words in Italian which translated into English are: "August 3rd 1908 sent to Rome $600.00;" and at the same time he delivered to said Spennato a paper partly printed and partly written in the Italian language. The written portions were written by the respondent. The contents of this paper, which are essential, translated into English are: "Westerly, R. I., August 3rd, 1908. Received from Mr. Michael Angelo Spennato, son of Giacchino, three thousand Italian lire, to be remitted to the Postal Savings Bank, Post Office of Rome. (Signed) Joseph S. Grills." The words "Michael Angelo Spennato, son of Giacchino," appearing in this receipt, were written by mistake for "Giacchino Spennato, son of Michael Angelo." Three thousand lire are the equivalent in Italian money of six hundred dollars American money. On two occasions the said Spennato asked the respondent for the book that was to come from Rome, and the respondent replied that it had not come, but that it would arrive later. The respondent has not forwarded said $600 to Rome and has not repaid said sum to said Spennato.

The respondent urges his exception taken at the trial to the admission in evidence of the above described receipt, on the ground that the respondent is charged in the indictment with embezzling six hundred dollars from Giacchino Spennato and the receipt by its terms is for three thousand Italian lire received from Michael Angelo Spennato, son of Giacchino. The respondent excepted on the ground that said receipt did not correspond with the allegations of the indictment and should have been excluded because of the variance. The exception is without merit. The witness Spennato testified that he directed the respondent to send to Rome six hundred dollars, and the entry upon the pass book made as a part of the transaction is of the withdrawal of $600 from the deposits. The receipt was properly admitted in evidence as a writing delivered as part of the transaction. It may also be said that in his testimony, given later at the trial, the respondent testified that he was requested to forward six hundred dollars to Rome and also that the name "Michael Angelo Spennato" was written in the receipt through his mistake.

(2)    The respondent also excepted to the ruling of said justice permitting the Attorney-General to ask the witness Giacchino Spennato, "Do you know whether Joseph S. Grills ever sent your six hundred dollars to the Postal Savings Bank in Rome?" This exception is without merit. Also its admission was not prejudicial to the respondent, for the witness, apparently not understanding the question, replied, "For my money." The question was not further pressed by the State.

(3)    The respondent excepted to the ruling of said justice excluding testimony as to statements made to a third person by one Rosario Spennato, a brother of said Giacchino. The said Rosario was not a witness in the case. Such testimony would have been of hearsay, and was properly excluded.

(4)    The respondent takes nothing by his exception to the modification by said justice of the respondent's third re-

quest to charge. The justice instructed the jury, in substance, as requested; but in connection with said charge he properly called the attention of the jury to the testimony which should be considered by them in making application of the legal principles contained in the charge.

(5) The respondent's exceptions to the refusal of the justice to direct a verdict for the respondent at the close of the testimony, to his refusal to charge the jury in accordance with the respondent's first and fourth requests to charge, and to his denial of the respondent's motion for a new trial, are all based upon the same contention of the respondent, and will be considered together. The respondent claims that as the evidence discloses that the said Giacchino Spennato did not on said August 3rd, 1908, deliver six hundred dollars to the respondent, and the respondent did not on that day actually receive six hundred dollars in cash from Spennato for the specific purpose of forwarding the same to Rome, the respondent should not have been found guilty of embezzling six hundred dollars from said Spennato as charged in the indictment. As we have said, the jury were warranted in finding from the testimony that on said August 3rd, 1908, the respondent upon the order of Spennato separated and set aside the sum of six hundred dollars from the rest of the deposit of said Spennato and held that sum as a special deposit for the specific purpose named in the indictment. The respondent entered in said pass book that on August 3rd, 1908, $600 was withdrawn from the deposit. On the other side of the pass book, on a page designated for deposits, the respondent, after allowing Spennato the amount in his favor on exchange, made an entry of the amount of the balance of the deposits after said withdrawal; and in his testimony he said that Spennato after that date was entitled to the interest of four per cent., which the respondent allowed on deposits, only on said balance. Furthermore, he gave to Spennato the receipt before mentioned. This evidence showing the separation of six hundred dollars from the other deposits was uncontradicted. The respondent at the trial made

no explanation, consistent with good faith on his part, as to why he had not forwarded said sum to Rome or returned it to Spennato.

The justice carefully instructed the jury. that they should not find the respondent guilty unless they found from the testimony that at the request of Spennato the respondent had set apart the sum of six hundred dollars and held that sum as a special deposit for the specific purpose of forwarding it to Rome, and also that he failed to so forward it in consequence of some fraudulent use or conversion on his part of said six hundred dollars.

(6)    The ordinary relation of a banker and his customer is that of debtor and creditor as to the deposits made by the customer with the banker. This relation arising upon a general 'deposit may be changed as to the whole or a part of such general deposit. Without actual delivery to the customer, and a redeposit by him, for a special purpose, such general deposit by agreement may be converted into a special deposit and become a fund in the hands of the banker with which he is entrusted for the specific purpose named in the agreement creating the special deposit. Such fund is impressed with a trust, the violation of which is a fraud. *People* v. *City Bank*, 96 N. Y. 32. The use of such fund by the banker contrary to the provisions of the trust would amount to a fraudulent conversion of such fund and would render the banker guilty of embezzlement under the provisions of the statute, unless such act of the banker was satisfactorily explained as being consistent with good faith. This was the view of the law taken by Mr. Justice Brown and was the basis of his rulings and decision to which the exceptions now under consideration were taken. In our opinion said rulings and decision were without error

All of the respondent's exceptions are overruled and the case is remitted to the Superior Court for further proceedings upon the verdict.

*Harry P. Cross, Assistant Attorney-General,* for State.
*John W. Sweeney,* for defendant.