## KATE M. STEIN v. J. A. KEMP.[1]

### January 14, 1916.

### Nos. 19,449—(75).

**Bank — deposit in escrow not general deposit.**

1. H. contracted to sell land to S. for $12,800, $4,800 of which was paid at the time the contract was executed. The balance, $8,000, was to be paid on delivery of deed, $5,000 in cash and $3,000 in notes secured by mortgage on the land. The cash, notes and mortgage were to be deposited in the bank until title was perfected and furnished to S. The note and mortgage and the $5,000 were deposited according to the terms of the contract. Some months later the bank became insolvent and went into the hands of a receiver. H. never owned the land, or made any payment to the real owner of the land, who subsequently sold and conveyed it to a third person. H. was unable to carry out the contract, and S. seeks to recover the $5,000 cash deposit. *Held,* that this was a special, not a general, deposit.

**Insolvent bank — liability of receiver — defense.**

2. Appellant contends that, although the money was traced into the hands of the bank, the court erred in ordering the receiver to pay it over, because it is not shown that there was more than $5,000 passing from the bank to the receiver. There is no evidence as to the amount coming into the hands of the receiver from the insolvent bank. The plaintiff placed the $5,000 in the bank as a special deposit, and the money is presumed to be there still. If it was returned to the depositor or paid to any one under her authority, that would be a matter of evidence in defense.

1 Reported in 155 N. W. 1052.

---

Note.—As to when bank deposit is special, see notes in 16 L.R.A. 516; and 39 L. R. A. (N.S.) 847.

As to claim of preference for special deposit out of funds of insolvent bank, see note in 1 L.R.A. (N.S.) 252.

Action in the district court for Clay county against the receiver of the Barnesville National Bank of Barnesville to recover $5,000 deposited in that bank pursuant to a written agreement between Frank A. Hoyt and plaintiff. The case was tried before Nye, J., who made findings and ordered judgment in favor of plaintiff. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*Christian G. Dosland* and *Victor Oleson,* for appellant.

*N. B. Hanson,* for respondent.

SCHALLER, J.

On April 21, 1913, F. C. Cary, president of the Barnesville National Bank of Barnesville, Minnesota, accompanied Frank A. Hoyt to the residence of Mrs. Kate M. Stein at Lemmon, South Dakota. The call resulted in the sale by Hoyt to Mrs. Stein of a tract of 320 acres of land near Barnesville. The purchase price was $12,800, $4,800 of which was paid by the delivery of certain personal property to Hoyt at the time the contract was executed. The balance, $8,000, was, under the terms of the contract, to be paid to Hoyt when title was perfected on delivery of deed. Five thousand dollars of the balance was to be cash; the balance, $3,000, to be notes secured by mortgage on the land sold.

It was agreed that $5,000 in cash should, together with the mortgage and notes for $3,000, be deposited in the Barnesville National Bank, to be held until the estate of Henry Broker, deceased, should be probated and clear title furnished to Mrs. Stein.

At the time the contract was executed, Mrs. Stein did not have the $5,000 in cash, but expected to receive it shortly. At the suggestion of Mr. Cary, she gave her note for $5,000 to be held by the bank until the cash was deposited in the place of the note. The note and mortgage for $3,000 were deposited as provided by the contract. The note was paid April 28, 1913. The bank became insolvent and went into the hands of a receiver early in January, 1914.

Hoyt never owned the land which he contracted to sell to Mrs. Stein. He never had or made title thereto, and never made any payment to the real owner thereof. The latter sold and conveyed the land to a

third party. Hoyt was unable to carry out the contract and so informed Mrs. Stein.

Demand was made on the receiver on behalf of Mrs. Stein for the $5,000 and the mortgage for $3,000 and notes secured thereby. This demand was refused. Mrs. Stein filed a claim in the bankruptcy proceedings for the $5,000, claiming that it was a special deposit and a preferred claim. This claim was disallowed. She then brought this action.

The case was tried to the court which made findings of fact substantially as above set out. It specifically found that the $5,000 was placed in the Barnesville National Bank as a special deposit and that the bank agreed to hold the $5,000 for the purposes named. It further found that the bank had not paid out the special deposit or any part thereof to Hoyt for the purpose expressed at the time the special deposit was made, and found that the money was still in the hands of the receiver. Judgment was ordered for the plaintiff. A motion for amended findings was made and denied. Judgment was entered for plaintiff, from which defendant appeals.

1. The assignments of error all point to one question, namely, is the finding of fact that the $5,000 cash was a special deposit sustained by the evidence? It is argued that because Mrs. Stein had given her note and had paid it by indorsing to the bank a Chicago draft for more than $7,000, received by her from the sale of a farm in Iowa, it should have been found that as between her and the bank the relation of debtor and creditor existed and that the money (the $5,000) was a general deposit.

It is true that the general rule is that where a deposit in a bank is made by a customer in the ordinary course of business, whether the same be money, drafts or other negotiable paper, which is received and credited as money, the title vests in the bank, and the money, drafts or other paper, immediately become the property of the bank which becomes the debtor of the depositor for the amount (In re State Bank, 56 Minn. 119, 57 N. W. 336, 45 Am. St. 454; South Park Foundry & Machine Co. v. Chicago G. W. Ry. Co. 75 Minn. 186, 77 N. W. 796; Citizens State Bank of Hamilton v. E. A. Tessman & Co. 121 Minn. 34, 140 N. W. 178, 45 L.R.A.[N.S.] 606), but it is also true that after all the question is, what was the agreement of the parties, either the express

agreement or an agreement implied from the general course of business between them. Security Bank of Minnesota v. Northwestern Fuel Co. 58 Minn. 141, 59 N. W. 987.

In this case it clearly appears that the agreement between the parties, of which the bank had notice, was that the money should be deposited in the bank for a certain purpose only. The agreement as to the deposit of the $5,000 cash was the same as the agreement in relation to the $3,000 mortgage and notes. The stipulations covered the money as well as the mortgage. This was a special deposit. The relation of debtor and creditor did not spring up between the bank and the depositor or Hoyt.

In receiving this money under the circumstances shown by the record, the status of the bank was more nearly that of a bailee or trustee for the parties than that of a debtor. The facts and circumstances of the contract were known to the officers of the bank, especially so to the president thereof, who on numerous occasions had informed Mrs. Stein that he was the president of the bank and advised her to make the contract and deposits in the manner in which she did. The trial court was warranted in finding that this was a special, not a general, deposit.

2. Appellant contends that, although the money was placed in the possession of the bank, yet the court erred in ordering the receiver to pay the same to Mrs. Stein, because it was not shown that there was more than $5,000 passing from the bank to the receiver. There is no evidence in the record as to what amount passed to the receiver from the insolvent bank or as to the amount of cash on hand at the time the bank went into the hands of the receiver. The plaintiff has traced the $5,000 into the hands of the bank as a special deposit. It will not be presumed that the bank or its officers committed a wrong or fraud by converting this fund to their own use or to the use of any of them. The money having been traced into the possession of the bank, it is presumed to be there still. If it was returned to the depositor or paid to any one under her authority or the authority of Hoyt, that would have been a matter of evidence in defense. Third Nat. Bank of St. Paul v. Stillwater Gas Co. 36 Minn. 75, 30 N. W. 440. The appellant seems to have recognized this. He introduced evidence, which, it is claimed, tended to show that some time after the money was deposited,

the bank's president, F. C. Cary, checked out the $5,000. A cashier's check was introduced in evidence, payable to the order of F. C. Cary. This check was paid by the bank and credited to the account of F. C. Cary. But this cashier's check was not signed by the cashier, or by any other officer of the bank, or at all. It is only by inference that it could be claimed that this check was paid out of the special deposit placed there by Mrs. Stein. Cary confessedly had no authority to draw out this special deposit, either from Mrs. Stein or from any one else. How far this evidence tended to rebut the presumption that the officers of the bank did their duty and administered their trust honestly was for the trial court. That tribunal was satisfied that this money was in the hands of the bank when it closed and that the receiver still had the same. The finding on this question will not be disturbed.

Other questions discussed in the briefs do not require more particular mention.

Judgment affirmed. ——————————