## C. L. STABBERT v. JAMES MANAHAN AND ANOTHER.[1]

May 8, 1925.

No. 24,616.

**Plaintiff's claim against insolvent estate held preferred.**

Plaintiff deposited money with the Equity Co-operative Exchange under an agreement that it would hold the same as a bailee or trustee for the purpose of paying margins on trades which it made for the depositor. One Thousand Dollars of this money was not used for the purpose named. The exchange went into the hands of receivers. *Held* that the $1,000 was held in trust for the special purpose and plaintiff's claim should be allowed as a preferred claim.

1. See Receivers, 34 Cyc. p. 348.

Action in the district court for Ramsey county to declare a balance of $1,000 a trust fund. The case was tried before Bechhoefer, J., who ordered judgment in favor of plaintiff. Defendants appealed from an order denying their motion for a new trial. Affirmed.

*James Manahan* and *George C. Lambert,* pro se.

*Morphy, Bradford & Cummins,* for respondent.

WILSON, C. J.

Defendants appeal from an order denying their motion to amend findings and for judgment or for a new trial. On October 19, 1922, plaintiffs sold wheat to the Equity Cooperative Exchange for $5,577.70. Subsequent to making the special deposit hereinafter mentioned, James Manahan and George C. Lambert were appointed receivers of this corporation. This suit is brought to have a balance of $1,000, from said sum, declared a trust fund and allowed as a preferred claim, the corporation having paid plaintiff $4,577.70.

The trial court found that the full sum of $5,577.70 had been deposited with the corporation by plaintiff in trust for himself under an agreement on the part of the corporation to receive and hold said money as a bailee or trustee for the purpose of paying margins

[1]Reported in 203 N. W. 611.

on trades which the corporation made for plaintiff. This finding is challenged. Appellant points to the records of the corporation to show that the item was carried as a general credit. But plaintiff was not a party to this nor did he have any knowledge of defendant's method of bookkeeping. The evidence to support plaintiff's claim that the full sum of $5,577.70 was originally so deposited and received is meager, but in the light of subsequent events may be said to have permitted the court to make such findings. It was purely a question of fact.

There is, however, evidence, in abundance, to support that element of the finding to the extent that the last $2,000 which includes the $1,000 in question, was so deposited and received. The $2,000 was left with the corporation as margin money to be called on whenever the market fluctuated. It was the customer's money, whether used or not. Its purpose was to serve as a protection to cover trades. If there was a loss the money was to be resorted to for the benefit of the customer. If it was not on hand, and credit not arranged, the account, in an emergency, would be closed. In this case it was the custom of the corporation to require the customer to make a deposit of twenty cents per bushel. Plaintiff told them he wanted to buy 20,000 bushels of wheat. The last $2,000 was left with the corporation and it made trades for him. The balance of $1,000 was not used for the purpose for which it was so deposited. It could not be used for any other purpose. The relation of the parties was not that of debtor and creditor, but the corporation held this money in trust for the special purpose and plaintiff is entitled to have his claim allowed as a preferred claim. Stein v. Kemp, 132 Minn. 44, 155 N. W. 1052.

Affirmed.