## MIDLAND NATIONAL BANK OF MINNEAPOLIS v. H. H. HENDRICKSON AND OTHERS.[1]

January 8, 1926.

No. 25,000.

**Assignment of money construed.**

1. An assignment of money arising out of a highway contract, "now due, or to become due, * * * for service * * * rendered or to be * * * performed * * * up to and including November 30, 1922," construed as assigning all moneys earned up to that date, and not merely the money becoming due up to that date, and hence includes withheld percentages earned but not due.

**Finding sustained that assignment was to secure existing debts and future advances.**

2. Evidence is sufficient to support a finding that the assignment was to secure the assignee and also a bank for existing indebtedness and also future advances made by either of them.

**Parol evidence admissible to show for whose benefit assignment was made.**

3. Such assignment, being given as collateral security, may be shown by parol to be for the benefit of persons other than the assignee alone.

Assignments, 5 C. J. pp. 946 n. 66; 947 n. 76; 1019 n. 39.
Evidence, 22 C. J. pp. 1157 n. 53; 1166 n. 97; 1235 n. 28.
Trusts, 39 Cyc. p. 17 n. 1.

After the former appeal, reported in 159 Minn. 355, 200 N. W. 17, the action was tried before Charles Bunn, Esq., referee, who ordered judgment in favor of defendants Knudson and Wolverton State Bank for $3,140.52, to be paid out of the fund deposited with Henry Rines, state treasurer, and that plaintiff was entitled to the balance of the fund. Plaintiff appealed from the judgment of the district court, Olin B. Lewis, J., entered pursuant to the report and supplemental report of the referee. Affirmed.

*Ueland & Ueland,* for appellant.

*Lewis E. Jones,* for respondents.

[1]Reported in 206 N. W. 723.

WILSON, C. J.

This is a continuation of the controversy over the money mentioned in this case in 159 Minn. 355, 200 N. W. 17. On October 26, 1922, Hendrickson Brothers were indebted to the Wolverton State Bank on two notes of H. H. Hendrickson for $1,000 each. About that date T. E. Knudson, the president of said bank, loaned to Hendrickson Brothers the sum of $5,000, evidenced by two notes to his order for $3,000 and $2,000, respectively. At that time they made and delivered to Knudson an assignment reading in part:

" * * * we * * * in consideration of $5,000.00 to us in hand paid, the receipt whereof is hereby acknowledged, do hereby sell and assign all our interest in and to the wages or earnings now due, or to become due, to us for services heretofore rendered or to be hereafter done and performed for the Commissioner of Highways of the State of Minnesota under the two certain contracts * * * to T. E. Knudson * * * up to and including November 30, 1922 * * * and the said commissioner * * * is * * * authorized to pay * * * Knudson or his assigns the * * * money due us or to become due hereafter as above specified."

On March 31, 1923, Hendrickson Brothers made and gave to the plaintiff an assignment in due form of all sums of money then due and becoming due from one of said contracts, to-wit, State Project 6-27, to secure the payment of six notes of $2,000 each.

The amount of money in the hands of the depositary of the court is $5,547.53 which resulted from Contract 6-27. The practice of the highway department under the contracts was, as the work progressed, to issue estimates, and to pay on each estimate, on account of the contract price, 85 per cent of the estimate in the manner provided by section 22, chapter 323, p. 423, L. 1921. Of the money now on hand $3,140.52 is made up of withheld percentages earned before November 30, 1922, on Contract 6-27. The remaining $2,-407.01 is money earned thereafter. Plaintiff appealed from a judgment awarding $3,140.52 to the First National Bank of Breckenridge, it being the assignee of defendant Knudson and the Wolverton State Bank.

Appellant argues that the clause "up to and including November 30, 1922," must be construed as relating to the words "due or to become due" and not to the clause "services heretofore rendered or to be hereafter done and performed." It is also urged that the clause "become due hereafter as above specified" supports such claim. Such construction would exclude from the assignment the withheld percentages. But in our opinion the first clause terminating the assignment on November 30, 1922, relates to services and the assignment as a whole relates to all moneys being earned up to that date. There really was no occasion to exclude the withheld percentages which would naturally be attractive to the creditor who was really financing the projects, and we think it reasonably appears that they were to be included.

We approve the computation resulting in $3,140.52. Paragraph 8 of the findings and the figures on pages 16 and 17 of respondent's brief are explicit. We believe they are correct.

The finding that the assignment was given to secure not only the contemporaneous loan of Knudson but the prior debt of the bank as well as future advances made by either, is justified by the evidence. The recital of the consideration of $5,000 is a mere statement of fact—like a receipt, and may be explained by oral evidence. Thiem v. Eckert, 165 Minn. 379, 206 N. W. 721.

It is said that, if the bank is permitted to receive the benefits of this assignment to Knudson, it will result in a parol trust in personal property in violation of G. S. 1923, § 8090, subds. 5, 6. These statutory provisions as to trusts in personal property constitute the exclusive method for the creation of trusts in personal property. Congdon v. Congdon, 160 Minn. 343, 200 N. W. 76. But it is the settled law in this state that a deed absolute in form may be shown by parol to be in truth a mortgage. Stitt v. Rat Portage Lbr. Co. 96 Minn. 27, 104 N. W. 561; Young v. Baker, 128 Minn. 398, 151 N. W. 132. It may also be shown by parol to secure future advances. Staples v. East St. Paul State Bank, 122 Minn. 419, 142 N. W. 721. In fact, being a mortgage it necessarily follows that it may secure future advances. This assignment in absolute form has

been established as an instrumentality of security. Insofar as the bank was concerned in the transaction, Knudson was a mere convenient agency to hold the collateral. The arrangement was simple. It was one frequently adopted in business. "A trust is an obligation arising out of a confidence reposed in a person to whom the legal title to property is conveyed that he will faithfully apply the property according to the wishes of the creator of the trust." If this assignment was in faith an absolute conveyance, parol evidence could not be received for the purpose of ingrafting thereon an express trust. But it is not. It was a transfer as collateral security. It is perfectly proper to show by parol that as such it was for the benefit of persons other than the assignee alone. Such cases are not within the class covered by the inhibition of the statute. Stitt v. Rat Portage Lbr. Co. supra; First State Bank v. Sibley County Bank, 96 Minn. 456, 105 N. W. 485, 489.

The other assignments of error are unimportant.

Affirmed.

Mr. Justice Holt did not sit.