## OLE HJELLE v. A. J. VEIGEL.[1]

November 19, 1926.

No. 25,498.

**When deposit in bank is general.**

1. A deposit in a bank is general unless there is an agreement that it shall be special, or be applied to a special purpose, or it is impressed with a trust.

**Depositor not entitled to preference over general depositors.**

2. The evidence justified the court in holding that the deposit in question was general and gave the depositor no preference right over other general depositors.

Banks and Banking, 37 C. J. p. 628 n. 94; p. 630 n. 94, 95, 98, 1, 3; p. 631 n. 4; p. 632 n. 7, 9, 10; p. 748 n. 50.

See notes in 39 L. R. A. (N. S.) 847; L. R. A. 1918A, 65.
See notes in 31 A. L. R. 472; 39 A. L. R. 930; 3 R. C. L. pp. 517, 518; 5 R. C. L. Supp. 177; 6 R. C. L. Supp. 183.

[1]Reported in 210 N. W. 891.

Plaintiff appealed from the judgment of the district court for Marshall county, Grindeland, J., finding that he was not entitled to preference over general creditors of an insolvent bank.   Affirmed.

*Julius J. Olson* and *Rasmus Hage*, for appellant.

*A. N. Eckstrom*, for respondents.

TAYLOR, C.

The Farmers & Merchants State Bank of Strandquist was closed by the commissioner of banks in September, 1923.   Plaintiff filed a claim against the bank in the sum of $617.10 and asserted that he was entitled to a preference over general creditors.   The commissioner allowed the claim but denied the preference.   Thereupon plaintiff brought this action to establish his alleged preference right. The court found in substance that he was only a general creditor and not entitled to a preference over other general creditors.   Judgment was entered in accordance with the findings and plaintiff appealed.

The only question is whether the finding that plaintiff had only the rights of a general creditor is sustained by the evidence.   The facts in brief are as follows:   Plaintiff was the owner of certain municipal warrants aggregating the sum of $1,212.10 which had been called for payment and were payable at the bank.   On July 9, 1923, he presented the warrants to J. J. Oistad, president of the bank, at the bank, and stated that he wanted to buy other municipal or county warrants with the money and asked if they had any for sale. Oistad brought out the warrants then held by the bank amounting to the sum of $595 and said they would have more shortly.   Plaintiff accepted the warrants offered, and then, probably at the instance of Oistad, concluded to leave the remainder of the money in the bank for the purchase of other warrants when the bank should have them. A deposit slip was made out and a duplicate given to plaintiff.   This deposit slip was headed:   "Deposited by Ole Hjelle Warrant Acct." It credited him with $1,212.10 for warrants delivered, charged him with $595 for warrants bought and gave him a credit of $617.10 for the balance.   It contained nothing to show the use to be made of the deposit or the purpose for which it was left.   The account re-

mained unchanged until the bank was closed, although in the meantime the bank had acquired other warrants.

On his direct examination plaintiff testified to the effect that Oistad was to send him warrants for the amount left with the bank as soon as the bank acquired them. On cross-examination he testified to the effect that Oistad was merely to notify him when the bank had more warrants. Oistad testified to the effect that he had no instructions or authority to buy warrants for plaintiff, or to charge to his account any obtained by the bank, but was merely to notify him when the bank had warrants for sale, and that plaintiff was then to make his purchase himself.

A deposit in a bank is what is termed a general deposit and creates the relation of debtor and creditor between the bank and the depositor, unless there is an agreement to the contrary, or the fund is impressed with a trust in favor of a third party or on account of a transaction with a third party. Here the fund was not impressed with a trust and we are not concerned with the conditions under which a trust might arise or the rights which might grow out of it. If the deposit is made under an agreement that the identical property is to be returned, it is commonly termed a special deposit and creates the relation of bailor and bailee, and the title to the property remains in the bailor. The deposit in question was not such a deposit. A deposit may be made under an agreement that the bank is to apply it to a particular purpose, or is to perform some specified service for the depositor in respect to it. Such a deposit creates the relation of principal and agent, and does not pass to the bank as its own property. The following are some of the cases and authorities defining the relation existing between a bank and its depositors under various conditions, and the rights and liabilities arising therefrom: Stein v. Kemp, 132 Minn. 44, 155 N. W. 1052; Platts v. Metropolitan Nat. Bank, 130 Minn. 219, 153 N. W. 514; Stabbert v. Manahan, 163 Minn. 214, 203 N. W. 611; Pierson v. Swift County Bank, 163 Minn. 344, 204 N. W. 31; Blummer v. Scandinavian Am. State Bank, supra, page 89; In re State Bank, 56 Minn. 119, 57 N. W. 336, 45 Am. St. 454; Security Bank v. N. W.

Fuel Co. 58 Minn. 141, 59 N. W. 987; South Park F. & M. Co. v. C. G. W. Ry. Co. 75 Minn. 186, 77 N. W. 796; 3 R. C. L. 517 et seq; 7 C. J. 631, et seq; and annotations in Ann. Cas. 1913E, 45, in L. R. A. 1918A, 65, in 31 A. L. R. 472 and 39 A. L. R. 930 and 1138.

Here the evidence justified and perhaps required a finding that the bank had no authority to purchase warrants for plaintiff and that such purchases could be made only by plaintiff himself. The evidence was to the effect that the parties understood that plaintiff was to buy warrants from the bank after the bank acquired them, not that the bank was to buy warrants for plaintiff with plaintiff's funds. The fact that a depositor makes the deposit with the intention of using it in making future investments does not take it out of the class of general deposits nor create any other relation with the bank than that of debtor and creditor. Wetherell v. O'Brien, 140 Ill. 146, 29 N. E. 904, 33 Am. St. 221; Estate of Law, 144 Pa. St. 499, 22 Atl. 831, 14 L. R. A. 103.

The evidence fully warranted the court in holding that the bank had assumed no special duty or obligation in respect to this deposit, and that plaintiff stood in the position of a general creditor and was not entitled to a preference over other general creditors.

Judgment affirmed.