## STATE v. A. C. JOHNSON AND ANOTHER.[1]

December 10, 1926.

No. 25,611.

**Conviction for larceny of special deposit in bank of which accused was vice president sustained.**

The defendant was convicted of the offense of appropriating a special deposit in a bank of which he was a manager, in violation of paragraph 2 of section 10358, G. S. 1923. *Held*:

(1) That the indictment charged a violation of the statute and that a demurrer thereto was properly overruled.

(2) That the evidence is sufficient to support the verdict.

(3) That the evidence supports the charge that the defendant, as an officer of the Farmers State Bank of Deer Creek, had in his possession and under his control $4,486.31 as a special deposit, in which the complainant Husfeldt owned an interest, and that he appropriated the same as charged in the indictment.

(4) That the instructions to the jury were full and as favorable to defendant as he was entitled to under the proofs.

Banks and Banking, 7 C. J. p. 579 n. 11 New.
Criminal Law, 17 C. J. p. 359 n. 64; p. 368 n. 5.
Indictment and Information, 31 C. J. p. 662 n. 5, 6.

---

See notes in 16 L. R. A. (N. S.) 516; 39 L. R. A. (N. S.) 847; 3 R. C. L. 517; 1 R. C. L. Supp. 838; 5 R. C. L. Supp. 177; 6 R. C. L. Supp. 183.

[1]Reported in 211 N. W. 334.

Defendant T. G. Johnson appealed from an order of the district court for Otter Tail county, Parsons, J., denying his motion for a new trial. Affirmed.

*Jesse A. Schunk,* for appellant.

*Clifford L. Hilton,* Attorney General, *William H. Gurnee,* Assistant Attorney General, and *Leonard Eriksson,* County Attorney, for the State.

QUINN, J.

In October, 1923, John Husfeldt owned a farm in Otter Tail county upon which there were three mortgages: One to F. E. Gores Company for $3,100; one to John Traub for $1,350; and one to the Farmers State Bank of Deer Creek for $600. The appellant, T. G. Johnson, was the vice president of the Farmers State Bank of Deer Creek and with his brother, A. C. Johnson, were the active executive managers thereof; and from May, 1923, to the closing of the bank in January, 1925, F. W. Johnson was the cashier.

In October, 1923, Husfeldt spoke to appellant, T. G. Johnson, about making a loan upon his farm for the purpose of paying off the indebtedness then against it. Appellant furnished him a blank application for a loan from the State Rural Credit Bureau which he subsequently assisted Husfeldt in filling out. Thereafter, appellant sent such application to the credit bureau and such proceedings followed that Husfeldt was notified by the credit bureau that the application would be granted to the extent of $4,500, provided a barn, to cost not less than $1,000, was built upon the premises. Husfeldt, his wife joining, thereupon executed a note for $4,500, a first mortgage on the farm securing the note, and a power of attorney constituting the Farmers State Bank his agent to receive the money from the state and to disburse the same in payment and discharge of the three former mortgages. Appellant then forwarded the note, mortgage and power of attorney to the Rural Credit Bureau.

On July 10, 1924, the Rural Credit Bureau forwarded the state's warrants, payable to the bank, for $4,476.50 and $9.81, to the Farmers State Bank of Deer Creek. These warrants were accompanied

by instructions to the bank as to how the proceeds of such warrants should be disbursed, clearly directing the payment of the mortgages then upon the land together with the taxes and the procuring of a clear certificate on the abstract. When received by the Deer Creek bank on July 12th, the warrants were indorsed by the cashier and transmitted to the American National Bank of St. Paul and on July 14th that bank procured the money thereon and credited the same on its books to the account of the Deer Creek bank, subject to check, against which checks were drawn by the Deer Creek bank to a considerable extent. No portion of the proceeds of such warrants was ever returned to the state or applied on the Husfeldt loan, although the bank was requested so to do by Husfeldt.

Appellant, T. G. Johnson, and his brother, A. C. Johnson, were indicted jointly, charged with having stolen the proceeds of the loan mentioned. A general demurrer was interposed to the indictment and overruled. Appellant was tried alone and convicted of grand larceny in the first degree. He appealed from an order denying his motion for a new trial.

The demurrer was properly overruled. The indictment may be somewhat verbose but it charges that appellant, while acting as vice president in the management of the affairs of the bank and having in his possession the state warrants referred to, as special deposits, for the purpose of being disbursed in the discharge of the liens against Husfeldt's farm, feloniously appropriated said special deposits to the use of another, contrary to the provisions of paragraph 2 of section 10358, G. S. 1923. A reading of the indictment convinces us that the acts and omissions of the accused, relied upon as constituting the offense charged, are clearly and distinctly set forth in ordinary and concise language so as to enable the court to pronounce judgment upon a conviction. It is such as to inform the accused of the crime with which he is charged and clearly charges a violation of the statute.

Under the power of attorney executed by Husfeldt, the Deer Creek bank was constituted his agent for the purpose of receiving the warrants from the Rural Credit Bureau. When the bank received such

warrants, they were accompanied with written instructions as to how the same should be disbursed in the discharge of liens against the land, and amounted to a special deposit. Stein v. Kemp, 132 Minn. 44, 155 N. W. 1052; Security Bank v. N. W. Fuel Co. 58 Minn. 141, 59 N. W. 987; note, 16 L. R. A. 516 and 39 L. R. A .(N. S.) 847; Blummer v. Scandinavian Am. State Bank, supra, page 89; Eifel v. Veigel, supra, page 281.

The trial court instructed the jury to the effect that it was incumbent upon the prosecution to prove and establish the fact that appellant was an officer of the Deer Creek bank at the time in question; that as such officer he had in his possession or under his control funds to the amount of $4,486.31 as a special deposit; that the complainant Husfeldt had at least a qualified ownership therein; that the same was the proceeds of the mortgage made by Husfeldt and his wife to the state and that the same was not a general deposit but a special deposit.

The court further instructed the jury that, if it was the intent of Husfeldt and the officers of the bank that such funds were not to be treated as a special deposit or as belonging to Husfeldt but were to be held by the bank as an ordinary deposit, the relation of debtor and creditor existed between the bank and Husfeldt and that, if the jury found that to be true, Husfeldt would not be the owner of the money and the defendant would not be criminally liable for the appropriation of such funds.

The court instructed the jury that, if this money was Husfeldt's and not the bank's and if Husfeldt had not by his own acts or conduct consented to the same being placed in a general or checking account, then the bank and its officers should have kept it as a special deposit and would have no right to use the money for other purposes than to pay up the encumbrances on this land and, if they did so, that would constitute an appropriation to the use of some other person than Husfeldt, and that if the appellant took part in such appropriation with intent to defraud Husfeldt, the result would be the same as though he alone had committed the appropriation. The instructions as given were as full and fair as the defendant was entitled to under the evidence.

We find no merit in the contention that the rights of appellant were prejudiced in impaneling the jury or in the conduct of counsel or in the rulings upon the admissibility of evidence.

A careful reading of the entire record convinces us that the evidence was ample to sustain the findings of the jury. It shows that the appellant, together with his father and brother, were the principal stockholders and controlling officers of the bank. What benefited the bank benefited the appellant as well, but whether it did or not is immaterial. The bank was in a precarious condition. Its reserve was below that required by law. The remittance from the state was received by the bank on July 12th and placed to the credit of the Deer Creek bank's account with the St. Paul bank on July 14th. Under the terms of the written instructions from the Rural Credit Bureau, the Deer Creek bank had a right only to receive the proceeds of the remittance and to disburse the same in discharge of the liens against Husfeldt's land.

It appears from the evidence, beyond controversy, that such funds were checked out of the St. Paul bank in taking care of the obligations of the Deer Creek bank. Thereafter appellant, when called upon to either comply with the terms of the bailment or to return the money to the state, insisted that the same had been done. The correspondence by letter between the two banks was carried on principally by the appellant on behalf of the Deer Creek bank. These matters, when considered in connection with all of the testimony, made the guilt of appellant a question for the jury. The issues were submitted by the trial court in a most complete and painstaking manner and we see no way of escaping the verdict of the jury. Guilt was proven almost, if not quite, to a point of demonstration, so it is really a case where error, at least the kind urged upon us, should be disregarded under the rule of State v. Nelson, 91 Minn. 143, 97 N. W. 652.

Affirmed.