## MARY G. CAMPION v. BIG STONE COUNTY BANK AND OTHERS.[1]

March 28, 1929.

No. 26,998.

*D. F. Nordstrom* and *Carl J. Eastvold,* for appellants.
*F. L. & E. V. Cliff,* for respondent.

DIBELL, J.

The Big Stone County Bank is in liquidation. The defendant A. J. Veigel, commissioner of banks, is in charge. The plaintiff is treasurer of the village of Graceville. She brings this action to have a claim of the village for $2,088.30 against the bank adjudged a preferred claim against the assets of the bank. There was judgment for the plaintiff, and the defendant Veigel and others appeal.

In June, 1926, the village of Graceville sold $16,000 in bonds for the purpose of obtaining funds with which to construct a well for village purposes and for the improvement of certain streets. The

[1]Reported in 224 N. W. 258.

funds received from the bonds were deposited by direction of the council of the village with the Big Stone County Bank in an account designated "Village of Graceville (Street and Well Fund)." The village instructed the bank that no part of the fund was to be used except for the purposes designated, and none of it was. On December 14, 1926, the Big Stone County Bank was insolvent, and the defendant Veigel took possession of its assets for purpose of liquidation.

The village entered into a contract with the McCarthy Well Company for the construction of the well, and on December 14, 1926, there was owing the company $2,156.75 and there was in the fund $2,088.30. About $9,000 of the fund was used for street purposes. Veigel received from the bank an amount in excess of the amount of the fund remaining on deposit. The plaintiff, as treasurer, was given judgment for $2,088.30 and interest, and it was made a preferred claim. The question is whether this fund is a special deposit so that the village can have it in preference to the rights of other depositors.

We do not find in the facts stated a special deposit which gives the village a preference over other creditors. The village had besides a general fund and a sewer fund in the bank. The plaintiff was assistant cashier. Withdrawals were made from the account as occasion required for the construction of the well and for street improvements. The bank did nothing wrong. There was no misapplication of the fund. There was no fiduciary or trust relation. The fund was a deposit. It was not a bailment. The relation of debtor and creditor existed. The bank had no special duty except to restrict its payments from the $16,000 fund to the specific purposes for which it was created. Its duty was to pay on checks issued by the treasurer. Its duties did not make it a bailee instead of a debtor. No case directly in point is cited. In Hjelle v. Veigel, 169 Minn. 173, 210 N. W. 891, is a good discussion and citation of cases. And see 7 C. J. pp. 628-633, §§ 303-307; 3 R. C. L. pp. 516-522, §§ 145-150; Note, 39 A. L. R. 930; Am. Dig. Banks and Banking, §§ 80(6), 153. By accepting the deposit with instructions that it

was not to be used for a purpose different from that indicated a bank might make itself liable for a diversion or misapplication; but it would not make the deposit something in the nature of a bailment or anything other than a debt.

Judgment reversed.