JULIA HOGENSON v. FARMERS & CITIZENS STATE BANK OF FERTILE, BY A. J. VEIGEL.[1]

May 9, 1930.

No. 27,894.

*D. F. Nordstrom* and *Loring & Hougen,* for appellant.
*Alexander Fosmark,* for respondent.

STONE, J.

Plaintiff sues to recover $600, admittedly held for her account by defendant Farmers & Citizens State Bank of Fertile, now insolvent and in the course of liquidation by defendant Veigel as commissioner of banks. After trial without a jury and a decision for plaintiff, defendants appeal from the order denying their motion for a new trial.

The facts are simple and not in dispute. For several years, as agent for plaintiff, the defendant bank had made collections for her

[1]Reported in 230 N. W. 817.

from time to time on a mortgage note held by her against one Tollefson. His instalments of interest and principal were paid directly to the bank for the account of plaintiff. He made such a payment of $600 August 27, 1928. No part of it has been paid plaintiff. The bank closed October 29, 1928. The only question is whether plaintiff is entitled to a preferred or general claim for the $600 payment.

The determinative finding of fact below was as follows:

"That plaintiff has not authorized said bank at any time to apply said payment or any part of it as a deposit on checking account or otherwise than to hold the same as her collection agent and that the relation of debtor and creditor does not otherwise exist between plaintiff and said bank with regard to said moneys paid by said Tollefson."

Our examination of the record brings us reluctantly to the conclusion not only that that finding is not supported by the evidence but that the record as it stands demands a contrary finding. There was testimony for defendants that for many years plaintiff had an ordinary but rather inactive checking account with the bank and that as payments were made by Tollefson they were credited to plaintiff on that account and withdrawn by check. A number of canceled checks are in the record in support of that testimony. But that is not all. The important and determinative thing is that plaintiff admits generally the existence of the account and in particular that when the $600 now in issue was paid by Tollefson she received an ordinary duplicate deposit slip for it, and that it "was handled just like all the other payments had been handled" and in accordance with her "wishes and understanding with the bank."

She admits further that a payment by Tollefson of $230 on March 23, 1928, made to the bank in the usual way, was withdrawn by check, and that another on March 28, 1927, had been handled in the same way, that is, deposited to the credit of her account and withdrawn by check. It is immaterial that it was plaintiff's practice ordinarily to check out such sums immediately after they were paid in order to convert them into interest-bearing certificates of

deposit. There is no escaping the conclusion that the $600 deposit now in question was taken in as an ordinary deposit and by plaintiff allowed to remain such until the bank closed. The result was the creation of the ordinary relation of debtor and creditor. A finding to that effect is required by this record as a matter of law. See Hjelle v. Veigel, 169 Minn. 173, 210 N. W. 891; Milne v. Capital T. & S. Bank, 170 Minn. 66, 211 N. W. 954. The order appealed from must be reversed.

So ordered.