## MICHAEL B. HURLEY v. MARKVILLE STATE BANK, BY A. J. VEIGEL.[1]

December 18, 1931.

No. 28,882.

D. F. Nordstrom, for appellant.
Michael B. Hurley, for respondent.

HOLT, J.

There is no substantial conflict in the testimony in this case. Some time prior to April 13, 1927, plaintiff had been appointed re-

[1]Reported in 239 N. W. 769.

ceiver of the Markville Co-operative Association and, in the dis-
charge of his duties, had on deposit as such receiver $350 in the
Markville State Bank. He desired that sum, and other moneys to
be collected in the receivership, placed as a special deposit and trust
fund in said bank out of which to pay the dividends to be declared
to the creditors in the receivership, and so informed the officer in
charge of the bank, the cashier; and between the two, on said April
13, 1927, it was agreed that the $350 mentioned should be with-
drawn from the general deposit and placed, with other moneys then
and thereafter in the hands of plaintiff as such receiver, in a
special deposit and trust fund to be used as stated. Then and
there the $350 on general deposit was withdrawn by plaintiff and
received by the bank as a special deposit, and additional sums were
then and at various times thereafter added thereto, so that when
defendant took over the bank there was in the special deposit or
trust fund $529. The bank was a general creditor of the Markville
Co-operative Association, and its claim had been duly filed and
allowed in the receivership before defendant Veigel took over the
bank. Plaintiff filed the amount of this special deposit with de-
fendant, demanding that it be allowed as a preferred claim. It was
not allowed as such, and this action followed. The findings were
in favor of plaintiff. Defendant moved for amended findings or
judgment in his favor. The motion was denied and judgment en-
tered for plaintiff, from which defendant appeals.

We have no hesitancy in stating that the evidence compelled the
finding that the bank and plaintiff agreed that the moneys in the
receivership of the Markville Co-operative Association should be re-
ceived and held by the bank as a special deposit and trust fund.
But the main contention of defendant is that the bank lacked the
power to receive such a deposit. It was admitted by plaintiff that
the bank was not a trust company nor authorized under any statute
to act as a trust company. However, the authority of the bank is
quite broad, G. S. 1923 (2 Mason, 1927) § 7660, including "exer-
cising all the usual and incidental powers and privileges belonging
to such business." This ought to include special deposits, since

originally a bank's "deposits were received for safe-keeping and so kept intact." Farmers & M. State Bank v. Consolidated School Dist. No. 3, 174 Minn. 286, 289, 219 N. W. 163, 164, 65 A. L. R. 1407. Modern authorities support the proposition that receiving special deposits or trust funds is incidental and usual in the conduct of a banking business. 1 Morse, Banks & Banking (6 ed.) § 191, says:

"It has generally been considered that taking a special deposit falls within the general scope of the banking business, although no express power is conferred by the charter of the bank, or by the organic law, so to do. It has been regarded as an incident to the general function of the institution."

To support the text are cited Marine Bank v. Chandler, 27 Ill. 525, 81 Am. D. 249; Foster v. Essex Bank, 17 Mass. 479, 9 Am. D. 168; Caldwell v. Nat. Mohawk Valley Bank, 64 Barb. 333; Scott v. Nat. Bank of Chester Valley, 72 Pa. 471, 13 Am. R. 711. 2 Michie, Banks & Banking, beginning on p. 1291, considers special deposits authorized. Additional authorities here in point are Dolph v. Cross, 153 Iowa, 289, 133 N. W. 669 (a deposit made to meet checks drawn held a special deposit or trust fund); Fogg v. Tyler, 109 Me. 109, 82 A. 1008, 39 L.R.A.(N.S.) 847, Ann. Cas. 1913E, 41 (a special deposit held a trust fund); Sawyers v. Conner, 114 Miss. 363, 75 So. 131, L. R. A. 1918A, 61, Ann. Cas. 1918B, 388 (deposit of a draft to pay a contractor); Smith v. Fuller, 86 Ohio St. 57, 99 N. E. 214, L. R. A. 1916C, 6, Ann. Cas. 1913D, 387 (deposit by trustees of an insolvent corporation in a bank which subsequently failed held a trust fund which could not be received as a general deposit and was entitled to preference); State v. Grills, 35 R. I. 70, 85 A. 281; Northwest Lbr. Co. v. Scandinavian Am. Bank, 130 Wash. 33, 225 P. 825, 39 A. L. R. 922. The only authorities we have found which hold that banks are not authorized to receive special deposits are First Nat. Bank v. Ocean Nat. Bank, 60 N. Y. 278, 19 Am. R. 181; Wiley v. First Nat. Bank, 47 Vt. 546, 19 Am. R. 122. However, in National Bank v. Graham, 100 U. S. 699, 703, 25 L. ed. 750, involving the same act of congress construed by the Vermont court, it was held that the language of the act "implies clearly that

a national bank, as a part of its legitimate business, may receive such 'special deposits.' " The New York case cited involved a deposit of a bond.

There could be no question, under our decisions, that if plaintiff had deposited this money with the bank with direction that it pay the dividends in the receivership it would have constituted a special deposit or trust fund entitled to a preference in case of the bank's insolvency. Midland Nat. Bank v. Hendrickson, 165 Minn. 446, 206 N. W. 723; Blythe v. Kujawa, 175 Minn. 88, 220 N. W. 168, 60 A. L. R. 330; Eastman v. Farmers State Bank, 175 Minn. 336, 221 N. W. 236; Winkler v. Veigel, 176 Minn. 384, 223 N. W. 622; Village of Monticello v. Citizens State Bank, 180 Minn. 418, 230 N. W. 889. To these may be added Dugan v. Security Sav. Bank, 205 Iowa, 171, 217 N. W. 831; Townsend v. Athelstan Bank, — Iowa, —, 237 N. W. 356.

Defendant contends that in spite of the agreement the law declares the deposit general and cites Hjelle v. Veigel, 169 Minn. 173, 210 N. W. 891; Campion v. Big Stone County Bank, 177 Minn. 51, 224 N. W. 258; Hogenson v. Farmers & C. State Bank, 180 Minn. 342, 230 N. W. 817; Campion v. Village of Graceville, 181 Minn. 446, 232 N. W. 917. The findings in the Hjelle case, 169 Minn. 173, 210 N. W. 891, were that the deposit was general. The first Campion case, 177 Minn. 51, 224 N. W. 258, supports the theory of the defense better than any of the others cited. But it is to be noted that there was no specific agreement that the funds should be kept intact and not used by the bank. In the Hogenson case, 180 Minn. 342, 230 N. W. 817, the evidence was considered to demand a finding that the collections made by the bank for plaintiff for some time previous to its closing were placed in a general deposit and withdrawn as plaintiff desired by check. The second Campion case, 181 Minn. 446, 232 N. W. 917, indicates that the bank was an authorized depository of the village, and in such cases the law implies the resulting relation to be that of debtor and creditor.

The findings of facts are supported and sustain the judgment.

The judgment is affirmed.